**The STATE of Texas, Appellant,**

v.

**William Bret BOREN, Appellee.**

No. 10–83–024–CV.

Court of Appeals of Texas, Waco.

June 16, 1983.

Rehearing Denied July 14, 1983.

548

Travis B. Bryan, III, Dist. Atty., Bill R. Turner, Asst. Dist. Atty., Bryan, for appellant.

David S. Barron, Barron & Barron, Bryan, for appellee.

HALL, Justice.

The State of Texas, appellant, seized from appellee, William Bret Boren, $7,300.00, which Boren allegedly received from the sale of controlled substances in violation of Vernon's Tex.Civ.St. art. 4476—15.  Appellant filed notice of the seizure and intended forfeiture, and appellee filed a verified denial of allegations on October 25, 1982.  At a hearing before the court on January 5, 1983, the trial court dismissed the case in response to appellee's motion to dismiss for failure to timely set the hearing.  The state appeals.  We reinstate the case.

Art. 4476–15, Sec. 5.07(a) provides in pertinent part that an owner of seized property has twenty days from mailing of notice of seizure to file a verified answer.  If the answer is filed, "a time for hearing on forfeiture shall be set within thirty days of filing the answer and notice of the hearing shall be sent to all parties."  The record shows that appellee filed his answer October 25, 1982; that appellant filed a request for setting November 15, 1982; that notice of setting was filed December 10, 1982, stating the hearing would be held January 5, 1983.  Both parties seem to agree that the language of Sec. 5.07(a) does not direct that a hearing be held within thirty days but merely that the act of setting the hearing be performed within thirty days of answer.  We disagree and hold that the statute directs a hearing to be held within thirty days of answer.  However, we conclude that the language is not mandatory but is directory and that the trial court erred in dismissing the case.

In <em>McKee v. State,</em> 318 S.W.2d 113, 116–117 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.), the court considered this same provision under the earlier penal code and concluded it was directory.  At that time, V.T.C.A., Penal Code Art. 725d provided that a vessel, vehicle or aircraft used to transport narcotics could be seized and forfeited.  Art. 725d, Sec. 5 stated that an owner of seized property could file a verified answer within twenty days of notice and that "if such answer is filed, a time for hearing on forfeiture shall be set within thirty (30) days of the date of filing the answer and notice of such hearing shall be sent to all owners as prescribed in Section 4 of this Act."  That statute was worded exactly like the present one in regard to the time for hearing.  There appellant complained of the trial court's failure to hear the forfeiture within thirty days from the date of his filing a verified answer.  The court decided the case on the question of whether the requirement for hearing was mandatory or directory.  The court clearly

did not interpret the statute to require merely the act of setting a hearing, but rather construed the wording to mean a hearing should be held within thirty days from answer. That case has not been overruled, and appellee does not cite any case which has interpreted the thirty day requirement differently. Accordingly, we conclude that the present statute, being worded exactly like the one construed in *McKee,* also directs a hearing to be held within thirty days from answer.

■ We also must decide whether the present statute is mandatory or directory. In considering this same question under the earlier penal code, the court in *McKee,* supra, discussed the interrelations of various sections and subsections of Art. 725d and decided that the thirty day requirement was not mandatory. The requirements of Art. 725d and its subsections were not materially different from the present statute so that the *McKee* court's reasoning and decision are still controlling over our facts. The court also applied settled principles of statutory construction to the thirty day requirement in finding the provision to be directory, rather than mandatory. Neither those principles nor the essential wording of the provision has changed since that court considered them. Consequently, we hold that Sec. 5.07(a), providing that forfeiture cases shall be set for hearing within thirty days of the date of filing the verified answer, is directory and not mandatory, intended only to promote the orderly and prompt conduct of the setting.

In our case the state's attorney filed the original request for setting on a court-adopted form with the District Clerk on November 15, 1982. The form had a direction printed on its face to "Return Original Request to: Court Administrator Office." The evidence showed that it was common practice for the attorneys to file such requests with the clerk. The clerk would then routinely deliver the case file and the setting request to the court administrator for trial setting. If the form was filed first with the court administrator, she would obtain the case file from the clerk

and then make the trial setting. In our case, for unexplained reasons, the request was circulated through the judge's office from the clerk's office before it finally reached the court administrator on November 30th. The court and the offices of the clerk and court administrator were closed from November 24th through November 28th.

■ Of course, the statutory provision that the trial be held within thirty days after answer required that the order setting be actually made within that time. Our record does not purport to show that appellee was harmed by the fact that the setting order was not made within thirty days of his answer nor by the fact of the hearing being set after that time. Appellee appeared in court on that setting day with his attorneys and announced ready for trial, but then urged his motion to dismiss which was granted after hearing.

Since the record before us reveals no legal grounds for dismissal, we hold the trial court abused its discretion in dismissing the case, and we set aside the order, reinstate the case, and remand the cause for trial.