**Robert Bruce CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 351 CV.**

Court of Appeals of Texas, Beaumont.

May 23, 1985.

Michael Cichowski, Port Arthur, for appellant.

Rickard Baker, Ass't Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Two forfeiture cases brought by the State of Texas pursuant to *TEX.REV.CIV. STAT.ANN. art. 4476–15, secs. 5.03 through 5.08* (Vernon 1976 & Vernon Supp. 1985), were consolidated for trial. On August 29, 1984, judgment of forfeiture was signed and entered by the trial judge. From this judgment defendant below, Robert Bruce Clark, has perfected appeal to this Court.

Point of error number one follows:

"The Court erred in overruling Defendant's Plea in Bar pursuant to Article 4476–15, Section 5.07(a)."

A hearing date was set within thirty days after defendant's answer was filed. However, the actual trial was conducted later than the said thirty-day period.

*TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(a)* (Vernon Supp.1985) provides, in part:

"If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties."

We conclude that this language means the hearing must be set, not actually heard, during the thirty-day period. We decline to follow the reasoning of *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ), the only authority discussing this challenge. This point of error is overruled.

Appellant's second point of error states:

"The Court erred in summarily overruling Defendant's objections to the introduction into evidence of all items seized by the State."

A search of the Corvette automobile was conducted based upon a warrant issued by Judge Giblin. Appellant's complaint is that the place to be searched was not particularly described in that the warrant failed to set out the location of the automobile.

The affidavit to the warrant stated, in part:

"On this date Affiant was working with several other officers in Port Arthur in attempt to apprehend Clark. Approximately 6:30 pm a blue Corvette fitting the description was found parked in front of Firestone on Twin City Highway, Groves, Texas. While other officers were coming to assist, Clark and a white female rode up on a red Harley Davidson motorcycle and the white female drove the car off. The [sic] both travelled to the Farm Royale restaurant on Memorial in Pt. Arthur, Texas.... For safety of restaurant patrons the suspects were allowed to exit the restaurant and then were arrested.

\* \* \* \* \* \*

"*Affiant drove the 1974 blue and white Corvett, Texas license VGJ754, to the Port Arthur Police Station and secured the vehicle for the preservation of possible evidence....*" (emphasis supplied)

This point of error is overruled.

Points of error three, four and five are grouped by appellant, and we will do the same. They are:

3. "The Court erred in overruling the Motion for Instructed Verdict in # E–119858 grounded upon the failure by the State to prove that said vehicle was used to transport methamphetamine."

4. "The trial Court committed an abuse of discretion in suggesting to the District Attorney that a trial amendment was in order and in allowing the District Attorney to make a trial amendment in # E–119858."

5. "The Court erred in overruling Defendant's Motion for Continuance subsequent to allowing, a trial amendment."

Appellant moved for instructed verdict in # E–119858 on the basis there was no evidence presented that methamphetamine had been *transported* in the vehicle. *See Cardenas v. State,* 583 S.W.2d 825 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The court then suggested the State could request leave to file a trial amendment. Such was done, alleging that the vehicle had been used to "transport or

in any manner to facilitate the transportation, sale, receipt, concealment, or delivery of any property described in the Texas Controlled Substance Act."

 We find that the trial amendment offered no surprise to appellant. The trial judge in Texas has broad discretion to permit trial amendments, subject only to abuse of discretion. *TEX.R.CIV.P. 66. See Fenno v. Jacobe,* 657 S.W.2d 844 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Pickens v. Baker,* 588 S.W.2d 406 (Tex.Civ. App.—Amarillo 1979, no writ); *Schrader v. Artco Bell Corp.,* 579 S.W.2d 534 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.). We find no abuse of discretion here.

The judgment of the trial court is affirmed.

Affirmed.