**The STATE of Texas, Appellant,**

v.

**ONE (1) 1986 NISSAN AUTOMOBILE V.I.N. JN1HZ14S1GX162301 and One Cellular Telephone, Appellees.**

No. 08–89–00324–CV.

Court of Appeals of Texas, El Paso.

June 27, 1990.

Rehearing Overruled July 25, 1990.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellant.

David W. Lindemood, Brockett, Cunningham & Bates, Midland, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

The State of Texas appeals from an order of dismissal in a forfeiture proceeding commenced under Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon 1976), known as the Texas Controlled Substances Act. We affirm.

The State filed a notice of seizure and intended forfeiture of the property, as required by Section 5.05(b) of the Act, on July 12, 1989. The owner of the property and Appellee herein, David D. Walker, filed his verified answer on July 21. The State not having previously requested a hearing, Appellee filed a motion to dismiss on August 30, alleging that since the State had not obtained a setting for a hearing within

thirty days from the filing of the answer, he was entitled to a dismissal with prejudice and a return of his property. Following a hearing, the court granted the motion.

Sec. 5.07(a) of the Act provides, in relevant part, as follows:

> If an answer is filed, *a time for hearing* on forfeiture *shall be set* within 30 days of filing the answer and notice of the hearing shall be sent to all parties. (Emphasis added).

In five points of error, the primary complaints of the State are that it was error for the court to treat the thirty day requirement of Sec. 5.07(a) as mandatory rather than directory, but if Sec. 5.07(a) requires a setting and hearing within thirty days of answer, the requirement is an unconstitutional legislative encroachment on prosecutorial discretion under the separation of powers doctrine, as recently enunciated by the Court of Criminal Appeals in connection with the Speedy Trial Act in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987).

■ The main thrust of the State's argument is that Sec. 5.07(a) has been interpreted by several appellate courts to be merely directory based on the further interpretation that if it was mandatory, the language of the section required that not only must the setting for the forfeiture hearing be obtained within the thirty day period, but the hearing itself must take place within that time frame. *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ); *State v. Cherry*, 387 S.W.2d 149 (Tex.Civ.App.—Dallas 1965, no writ); *McKee v. State*, 318 S.W.2d 113 (Tex.Civ. App.—Amarillo 1958, writ ref'd n.r.e.). *McKee* was decided under the Uniform Narcotic Drug Act, Penal Code, Article 725d, sec. 5, the predecessor statute of Sec. 5.07(a). Based on its conclusion that the language required that hearing be held within the thirty day period, the *McKee*

Court worried that unless the hearing requirement was merely directory, the rights of record lienholders not served with the required notice within the thirty day period would make the requirement impossible of fulfillment since the trial court was prohibited from hearing the forfeiture until it was satisfied that the lienholders had received proper notice. The Uniform Narcotic Drug Act, including the forfeiture provisions, was repealed in 1973 with the adoption of the Texas Controlled Substances Act. Although the language of the thirty day setting requirement was carried over to the new act virtually intact, the provisions relating to lienholders were substantially changed.[1]

Other courts have refused to follow the *McKee* and *Boren* lines of reasoning that *"a time for hearing on forfeiture shall be set within 30 days of filing the answer ..."* is directory only and means the hearing *should* be set and held within that period. In *State v. $4097 in U.S. Currency*, 773 S.W.2d 674 (Tex.App.—Fort Worth 1989, writ denied), the Court of Appeals held that the word "shall" makes the requirement mandatory, following its earlier opinion in *State v. One 1977 Oldsmobile*, 700 S.W.2d 33 (Tex.App.—Fort Worth 1985) (opinion on reh'g), *rev'd on other grounds*, 715 S.W.2d 641 (Tex.1986), but that it is only the setting that must be obtained within the thirty days, not the hearing that must be held within that period. In support of the latter conclusion, the Fort Worth Court cited *Clark v. State*, 693 S.W.2d 23 (Tex.App.—Beaumont 1985, no writ), in which the Beaumont Court declined to follow the reasoning of *Boren.*

We prefer to follow the precedent and reasoning of *$4097 in U.S. Currency* and *Clark.* Our own analysis of the wording of Sec. 5.07(a) in the context of the Texas Controlled Substances Act leads us to believe that the word "shall" makes it manda-

---

1. Effective September 1, 1989, Art. 4476–15, including the provisions relating to forfeiture, was repealed by Acts 1989, 71st Leg., ch. 678, § 13, and recodified as §§ 481.151–481.160, Texas Health and Safety Code. Effective October 18, 1989, the provisions of the that Code relating to forfeitures were repealed by Acts 1989, 71st Leg., 1st C.S., ch. 12, § 1, and replaced by Chapter 59. Forfeiture of Contraband, Tex.Code Crim.Pro.Ann. art. 59.01, et seq. (Vernon Supp. 1990).

tory that the State obtain a setting within thirty days of the answer date. See *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956). The plain meaning of Sec. 5.07(a) is that only the setting for the hearing need be obtained in that period, with notice of the hearing date sent to all parties. The date selected for the hearing is left up to the court and the prosecutor. Had the Legislature intended otherwise, it would have been easy for it to have added that hearing must be held within the same thirty day period. Since the State would have some input on the hearing date, we fail to see how the State would be harmed or prejudiced by the requirement that a setting be obtained within the thirty day period. Points of Error Nos. 1, 2 and 4 are overruled.

The State in its third point complains that if the trial court ignores or refuses to honor its timely request for a setting, it has no remedy. This point calls for an advisory opinion and is thus moot. See *$4097 in U.S. Currency*, 773 S.W.2d at 675.

In its fifth point, the State contends that by a letter from Appellee's attorney, written and received by the district attorney on August 23, 1989 after the thirty day period had expired, stating that "[t]he hearing concerning the automobile forfeiture can be scheduled at any time," Appellee waived the thirty day setting requirement and is now estopped from asserting it. Although included in the transcript, the letter was not admitted into evidence, as far as we know, not considered by the court and is not properly before us for consideration. Moreover, since the letter was received after the thirty day period had run, there could have been no detrimental reliance by the State, a necessary element of estoppel. Point of Error No. 5 is overruled.

The State having neither requested nor obtained a setting for the forfeiture hearing within the thirty day period, the trial court was correct in dismissing the suit and its judgment is affirmed.