**The STATE of Texas, Appellant,**

v.

**1985 CHEVY PU, VIN 1GCHC342FS107980; $1488.61 in U.S. Coin and Currency; Two Handguns and Two Rifles, Appellee.**

**No. 2–89–290–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1990.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Steve King, Brent Carr, Betty Marshall, Asst. Dist. Attys., Fort Worth, for appellant.

Tim Moore, Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

■ Because our prior ruling in *State v. $4097 in U.S. Currency*, 773 S.W.2d 674 (Tex.App.—Fort Worth 1989, writ denied), has effectively rendered the forfeiture provision of the Controlled Substances Act unconstitutional, we overrule our holding in *$4097* and now hold that the language of the statute requiring the case be set for trial within thirty days of the defendant's answer is directory instead of mandatory.

The facts of this case are not in dispute. The State brings one point of error complaining, basically, that our prior decision in *$4097* was incorrect and asks us to reconsider and overrule that decision. The trial court dismissed the State's case on appellee's motion because the cause had not been set for trial within thirty days of appellee's answer. The property in question is a 1985 Chevrolet pickup and numerous other lesser items of personal property seized during an arrest.

Among the reasons that the State urges our reversal of *$4097* and, thus, a reinstatement of this cause, are the following:

1) Our reasoning and analysis in *$4097* was incorrect in light of the rulings of *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ) and *Clark v. State*, 693 S.W.2d 23 (Tex.App.—Beaumont 1985, no writ), and that the true intent of the legislature was to hold the setting language of the Controlled Substances Act as directory;

2) our ruling in *$4097* was ambiguous and needs to be clarified;

3) the State is left with no "remedy" for which to correct the trial court's failure to set a hearing within thirty days; and

4) § 5.07(a) of the Controlled Substances Act is rendered unconstitutional by the ruling in *$4097*.

Initially, we note that § 5.07(a) was repealed effective October 18, 1989, and the procedure governing forfeiture hearings is now set out in articles 59.04 and 59.05 of the Texas Code of Criminal Procedure. The State must now commence proceedings within thirty days of seizure, including service of notice on the property owner and possessor, but there is no automatic dismissal of the State's case if the trial court fails to set a hearing within a certain specified period of time.

Since § 5.07(a) of the Controlled Substances Act was repealed, our ruling in *$4097* affects only a limited number of

cases which were filed prior to the statute's repeal. The State informs us, however, in its brief, that the number is still significant because the perceived ambiguity in the ruling has caused a reluctance of the trial courts to proceed without further guidance from this court. It was our intent in *$4097* to hold: 1) that the language of the statute required that, within thirty days of filing of the answer, the State must obtain a setting for a future hearing; and 2) that the language of the statute was mandatory and not directory. Any difficulties encountered by the trial courts in this regard should now be resolved. Because our ruling in *$4097* spoke only to the setting of the case and did not speak to the hearing date, and since this appeal is concerned only with the setting date, we do not expand our ruling to cover the date of the hearing. Our ruling here merely reflects our new understanding of the true meaning of the language requiring the setting to be within thirty days of the defendant's answer.

Prior to our ruling in *$4097* only two cases had dealt with the setting language under the forfeiture provision of 5.07(a) of the Texas Controlled Substances Act. In *Boren*, 654 S.W.2d at 547, the Waco court of appeals held the language of the statute required both the setting and hearing be held within thirty days and the language of the statute was directory not mandatory. The Beaumont Court of Appeals, in *Clark*, 693 S.W.2d at 23, chose not to follow the Waco court and held that the case should be set within thirty days, but did not require the hearing be held within that time. The *Beaumont* case did not address whether its interpretation of the statute's language meant the language was mandatory or directory as Waco had held. We then held in *$4097* that the language as to a setting was mandatory, believing, at the time, this was the intent of the legislature and was the clear meaning from the language of the statute. The State has now persuaded us this result should be changed by demonstrating the dilemma which our ruling in *$4097* has created.

The State initially points out that our reliance on *Clark* as authority for our holding in *$4097* was misplaced since the Beau-

mont court made no distinction as to whether it was holding the language of the statute to be mandatory or directory. The State claims that the court in *Clark* merely distinguished its opinion from the *Boren* decision which held that the hearing also was to be held within thirty days of the answer date, but the language of the statute was directory.

We agree that *Clark* made no statement whether it was holding the language of the statute to be mandatory or directory, but the *Clark* court did not need to decline the *Boren* court's authority to arrive at its holding since *Boren* held the language to be directory as to both the setting and hearing which would have served the facts in *Clark* to the same result. It is our opinion that *Clark*, by implication, held that the language referring to the setting of the case is mandatory.

The State's other questions to us in this regard seem to hold some significance. Why hold the setting language to be mandatory when the actual hearing date has no limits? Further and more significant is, have we not, basically, left the State with no remedy in which to enforce its right to have the case set within thirty days of the defendant's answer?

■ As the State points out, we instructed the State to mandamus the trial court to resolve its setting dilemma. But the State cannot mandamus the trial court before the thirty-day time limit has run because such an action would be premature. *Forscan Corp. v. Touchy*, 743 S.W.2d 722, 725 (Tex. App.—Houston [14th Dist.] 1987) (orig. proceeding) (relief denied where record insufficient to show trial court will bar future depositions). Such an action would be premature even if a trial court announced in advance that it would not set a hearing, since the trial court could always reconsider that ruling anytime during the thirty days. *Id.* at 726.

Further, the State cannot mandamus the trial court after the thirty-day time limit has run because, under a mandatory statute, the trial court would no longer have jurisdiction over the case. *Houlihan v.*

*State,* 579 S.W.2d 213, 220 (Tex.Crim.App. 1979) (relief denied where trial court lacked jurisdiction to consider motion for shock probation after 120–day time limit had run); *see also State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 50 (Tex.Crim.App.1987) (after 75–day time limit had run, motion for new trial was overruled by operation of law and trial court's action granting such a motion was a nullity).

It is obvious to us now that the State has no control of this setting and is basically at the mercy of the judge and his staff to see the case is timely set. If it were true that the State could resort to mandamus to correct the trial court's error, the State should be equally entitled to prevail when it chooses to rely on the standard remedy of an appeal.

Finally, we turn to the State's argument about the constitutionality of the Controlled Substances Act in light of *$4097.*

Because there is a presumption in favor of the constitutionality of an act of the legislature, *Spring Branch I.S.D. v. Stamos,* 695 S.W.2d 556, 558 (Tex.1985), *appeal dism'd,* 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986), we are required to construe a statute in a manner which renders it constitutional, if it is possible with a reasonable interpretation of its language. *Public Utility Comm'n of Texas v. City of Austin,* 728 S.W.2d 907, 912 (Tex.App.— Austin 1987, writ ref'd n.r.e.); *Earle v. Program Centers of Grace Union Presbytery, Inc.,* 670 S.W.2d 777, 779–80 (Tex. App.—Fort Worth 1984, no writ). In *$4097,* however, we seem to have construed § 5.07(a) in a manner which renders it unconstitutional under Article II, Section 1 of the Texas Constitution.

Article II, Section 1, of the Texas Constitution states:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

This article has already been used to declare a time limit unconstitutional. Under article 32A.02 of the Code of Criminal Procedure, the Speedy Trial Act, the State had to be ready for trial within a certain specified period of time or the accused was entitled to a dismissal with prejudice, whether the unreadiness was due to the State's lack of diligence. In *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App.1987), the Court of Criminal Appeals held the Speedy Trial Act unconstitutional under Article II, Section 1, of the Texas Constitution, because its time limits were a legislative interference with the discretion of the prosecutor, a member of the judicial department.

Under § 5.07(a), as construed by this court in *$4097,* the trial court has to set a hearing within a certain specified period of time or the claimant is entitled to a dismissal with prejudice, whether the failure to set a hearing is due to the State's lack of diligence. This is an interference with the discretion of the prosecutor in two ways. First, the prosecutor must immediately proceed with a forfeiture case, whether discovery is complete and whether the related criminal proceeding is complete (or even indicted). Secondly, the prosecutor is deprived of his entire function if a dismissal is imposed for the trial court's failure to set a hearing. Since § 5.07(a), as construed by this court, interferes with the discretion of the prosecutor, it, like the Speedy Trial Act, could be construed to be unconstitutional under Article II, Section 1 of the Texas Constitution.

We note that in a recent decision, *State v. One (1) 1986 Nissan Auto,* 792 S.W.2d 577 (Tex.App.—El Paso 1990, no writ), the El Paso Court of Appeals relied on *$4097* in its holding that the language of § 5.07(a) was mandatory rather than directory. For the reasons stated above we decline to agree with the El Paso Court of Appeals and choose to reverse our holding in *$4097.*

Therefore, *$4097* is overruled as to the mandatory time limit of the setting. The

order of the trial court dismissing the suit is reversed and the cause remanded to the trial court with instructions to reinstate this case consistent with the findings in this opinion.