**The STATE of Texas, Appellant,**

v.

**ONE 1988 NISSAN PICKUP, VIN 1N6ND11S3JC339445, Appellee.**

**No. 12–90–00100–CV.**

Court of Appeals of Texas, Tyler.

Jan. 31, 1991.

Michael Graham, Nacogdoches, for appellant.

Clyde Howard, Nacogdoches, for appellee.

## PER CURIAM.

The State of Texas appeals from an order granting summary judgment to Joe Scourton, owner of one 1988 Nissan Pickup, which the State sought to forfeit as a result of Scourton's alleged illegal activities. We will reverse.

The State filed its original notice of seizure and intended forfeiture with the trial court on December 12, 1988. Scourton filed his original answer on April 3, 1989, and his first amended answer on April 13, 1989. On June 23, 1989, the State filed a second amended notice of seizure and intention to forfeit. The record contains no response by Scourton to the second amended notice. However, the second amended notice only adds allegations concerning a lien holder.

On August 10, 1989, Scourton filed a motion for summary judgment asserting that he was entitled to judgment because (1) no hearing had been held within thirty days of the date of his answer as required by TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a);[1] and (2) that his acquittal of the underlying criminal offense precluded establishment of the State's case in the forfeiture action. The State filed no response to Scourton's motion. On January 25, 1990, the trial judge signed a summary judgment in favor of Scourton. The judgment recites:

> The Court considered the pleadings, exhibits and the records of this Court, of which judicial notice was taken, and finds they show an absence of a genuine issue on any material fact on the ground urged, in that it is established that no hearing herein was set within thirty (30) days of the filing of Defendant's answer, as required by law.[2]

On appeal from the summary judgment, the State contends that the trial court erred because the statute, article 4476–15, § 5.07(a), is not mandatory. The statute in question read:

> If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties.

The issue then is whether the directive that the hearing "shall" be set within thirty days of the filing of the answer is mandatory or merely directory.[3]

1. The statute in effect at all times relevant to this matter was TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) (Vernon 1976). Effective September 1, 1989, that statute was repealed. Act of June 14, 1989, ch. 678, § 13(1), 1989 TEX.GEN. & SPEC.LAWS 3165. Provisions for the forfeiture of property are now found in chapter 59 of the TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1991).

2. Although the docket sheet from the trial court shows that at two times hearing dates were set in this matter, neither of those dates was set or to be held within thirty days of Scourton's last answer. The State does not contend that either the setting or the hearing dates set were within thirty days after Scourton's answer.

3. We do not address the question of whether the thirty day period prescribed by the statute applies to the setting of the hearing or the holding of the hearing. The State does not raise that issue nor is it disputed that no hearing was set or held within thirty days after Scourton filed an answer.

We are not the first court of appeals to address this issue. The Thirteenth and Fourteenth Court of Appeals recently held that the "thirty day period for setting a forfeiture hearing after the filing of an answer is a mandatory requirement." *Lopez v. State,* 797 S.W.2d 272 (Tex.App.—Corpus Christi 1990, writ denied); *Lovelace v. Downey,* 783 S.W.2d 824, 826 (Tex.App.—Houston [14th Dist.] 1990) (orig. proceeding); *see also Clark v. State,* 693 S.W.2d 23 (Tex.App.—Beaumont 1985, no writ). On the other hand, the Waco Court of Appeals has held that the thirty day period for setting a forfeiture hearing was directory and not mandatory. *State v. Boren,* 654 S.W.2d 547, 548 (Tex.App.—Waco 1983, no writ). More recently, the Fort Worth Court of Appeals reversed its prior position on the issue, *see State v. $4097 in U.S. Currency,* 773 S.W.2d 674 (Tex.App.—Fort Worth 1989, writ denied), holding that the thirty day time period in the repealed statute was merely directory and not mandatory. *State v. 1985 Chevy PU, VIN 1GCHC342FS107980,* 797 S.W.2d 682 (Tex.App.—Fort Worth 1990, n.w.h.).

We are persuaded that the Fort Worth Court's most recent pronouncement on the issue is correct. As discussed in *1985 Chevy PU,* the State has no control over the court's setting of the case or convening of the hearing. Further, to construe the statute as mandatory would interfere with the discretion of the prosecutor and would be unconstitutional. *Id.* at 685. It is also noteworthy that under a prior version of the statute, the rule was established that the time period was intended to be directory. *McKee v. State,* 318 S.W.2d 113, 117 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.). As authority for its decision in *McKee,* the court quoted the Supreme Court opinion in *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956), as follows:

Provisions which are not of the essence of the thing to be done, but which are for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

It was not until the late 1980's that some Courts of Appeals began to construe the thirty day period as mandatory. The Legislature thereupon changed the law, eliminating the language in question.[4] We believe that the Legislature's quick response in removing the language only recently interpreted as requiring a setting or hearing within thirty days demonstrates its dissatisfaction with such interpretation.

For the reasons set out in *1985 Chevy PU* and because we are persuaded that the Legislature never intended for the time period to be mandatory, we hold that the language in former Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.07(a) requiring a forfeiture case be set for trial within thirty days of the defendant's answer is directory and not mandatory. Therefore, the trial court erred in granting Scourton's motion for summary judgment on the basis that no hearing was set within thirty days of the date Scourton filed his answer. The point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court for trial on the merits.

---

**4.** *See* note 1 *supra.* The provision now in effect merely states that "All cases under this chapter shall proceed to trial in the same manner as in other cases." Tex.Code Crim.Proc.Ann. art. 59.-05(b) (Vernon Supp.1991).