**$80,631.00 and a 1984 Porsche, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00463–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1992.

Rehearing Denied Aug. 13, 1992.

Jerome Godinich, Norman Jolly, Houston, for appellant.

Don J. Clemmer, Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment of forfeiture in favor of the State. On August 22, 1989, the State filed a notice of seizure and forfeiture alleging a 1984 Porsche and $80,631 in currency were eligible to be forfeited. The case was tried to the court and the trial court granted forfeiture as to both the car and the currency. Appellant raises three points of error complaining the evidence was legally and factually insufficient to support the forfeiture, and the requirement that the State set a hearing within 30 days of the filing of an answer to the notice of forfeiture was mandatory. We reverse and render.

On August 21, 1989, Officer Walter Redman (Redman) of the Houston Police Department received information about a narcotics transaction from a confidential infor-

mant. The informant told Redman that Inocencio Guel (Guel) was going to be delivering cocaine that day, gave the officer Guel's address, and a description of Guel and his automobile. Based on this information, Redman took a number of officers and set up a surveillance of Guel's home. During the surveillance period the officers saw a Porsche, matching the description given by the informant, arrive at the residence. Two men got out of the car. The person driving the car matched the description of Guel given by the informant. A short time later, Guel and the other man drove off in the Porsche. The police officers followed them. The officers had a Harris County Sheriff's Department patrol car stop the Porsche on the service road of the Eastex Freeway.

As the officers approached the car, they could see Guel, through the tinted windows, moving his hands and handling an object. Redman, afraid that Guel might have a weapon in the car, asked him to step out of the vehicle. When Guel did not comply, Redman opened the driver's door of the Porsche. Redman saw a handgun on the floorboard at Guel's feet. Redman had Guel step out of the vehicle and took custody of the handgun. A knife was found on the passenger side floorboard at the feet of the other man in the Porsche. Guel gave the officers written consent to search the vehicle. No drugs were found in the car, but a briefcase was found on the back seat. Officer Green was called to the scene with his drug sniffing dog. The dog "alerted" to the briefcase and it was found to contain $80,631 in cash.

The officers asked Guel for consent to search his home and he signed another consent to search form. Redman and four other officers went to Guel's home. Guel's wife and child were at the residence when they arrived. The officers searched the home and no drugs were found. They seized a triple beam and balance scale from a kitchen shelf and another briefcase also found in the kitchen. This briefcase contained a number of ledgers which were apparently written in code. Guel was then taken into custody and charged with carrying a prohibited weapon.

The State of Texas filed a notice of seizure and intended forfeiture on August 22, 1989 under TEX.REV.CIV.STAT.ANN. art. 4476–15 §§ 4.052, 5.03(a)(6) (Vernon Supp. 1989) (repealed effective Sept. 1, 1989; now TEX.CODE CRIM.PROC.ANN. arts. 59.01–.11 (Vernon Supp.1992)). Debra Guel, Guel's wife, filed an original answer on September 11, 1989 claiming ownership of the Porsche. On February 13, 1990, Debra Guel amended her answer to claim an ownership interest in both the seized currency and the car. Debra Guel assigned her interest in the currency to her attorneys, Norman Jolly, Jr. and Jerome Godinich, Jr., who intervened in the case.

In point of error three, appellants contend the trial court erred by denying appellant's motion for summary judgment based upon the State's failure to set the cause for hearing within thirty days as required by the statutes on forfeiture. The rule has long been that the denial of a summary judgment cannot be appealed. *Tobin v. Garcia*, 159 Tex. 58, 63, 316 S.W.2d 396, 400 (1958). However, appellants' argument under this point of error is based upon a determination of whether the statutory requirement for setting a hearing is mandatory or directory. Thus, we will address the merits of this point of error.

The section regarding notification of forfeiture proceedings states "[i]f an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties." TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.07(a) (Vernon Supp.1989) (repealed effective Sept. 1, 1989). The term "shall" is generally construed to be mandatory in nature. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex.1976). We recognize that the term may be construed as directory and that other Courts of Appeals have so construed this very statute. *State v. $8,353.00*, 809 S.W.2d 344, 347 (Tex.App.—Austin 1991, writ ref'd n.r.e.); *State v. One 1988 Nissan Pickup*, 804 S.W.2d 957, 959 (Tex.App.—Tyler 1991, no writ); *Benavides v. State*, 804 S.W.2d 193, 195 (Tex.App.—Houston [1st Dist.] 1990, no writ);

*State v. 1985 Chevy PU*, 797 S.W.2d 682, 685 (Tex.App.—Fort Worth 1990, no writ); *State v. Boren*, 654 S.W.2d 547, 548–49 (Tex.App.—Waco 1983, no writ).

Nevertheless, this Court has consistently held that section 5.07(a) is mandatory. *See State v. Lovelace*, 812 S.W.2d 446, 447 (Tex.App.—Houston [14th Dist.] 1991, writ granted) ("trial court is affirmed because another panel of this court held that section 5.07(a) is mandatory. . . ."); *Lovelace v. Downey*, 783 S.W.2d 824, 826 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (trial court and state failed to set a hearing within the 30 day time period as required, "visiting trial judge correctly dismissed this proceeding;" citing *State v. $4,097.00 in U.S. Currency*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied) (30 day time limit for setting forfeiture hearing mandatory); *Clark v. State*, 693 S.W.2d 23, 24 (Tex.App.—Beaumont 1985, no writ) (mandatory requirement for forfeiture hearing to be set within 30 days of filing an answer)). *See Alexander v. State*, 803 S.W.2d 852, 854 (Tex.App.—Corpus Christi 1991, writ denied); *State v. One 1986 Nissan Automobile*, 792 S.W.2d 577, 579 (Tex.App.—El Paso 1990, no writ). If a forfeiture hearing is not set within the 30 day time period, the trial court should dismiss the forfeiture proceeding. *See Lovelace*, 783 S.W.2d at 826.

This conclusion is supported by the fact that the Legislature, in the codified version of the statute, omitted the language requiring a forfeiture hearing to be set within 30 days of the an answer being filed. *See* TEX.CODE CRIM.PROC.ANN. art. 59.04(a) (Vernon Supp.1992). If the 30 day hearing requirement was merely directory there would have been no reason for the Legislature to remove this language from the statute. Only a mandatory hearing requirement, if not complied with by the State, would prevent it from going to trial on the forfeiture issue.

This Court expresses concern that the hearing requirement was removed from the statute. The burden on the State to set a hearing within 30 days after a citizen, whose property has been seized, files an answer, is not too heavy when balanced against due process rights. In our zeal to curtail the serious drug problem our society faces today, we must not forget the basic constitutional tenets upon which this country was founded. The right of every citizen not to be "deprived of life, liberty, property, privileges or immunities, . . . except by due" process or course of law is to be closely guarded and not relinquished because of the criminal element of our society. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

The failure of the State to comply with the mandatory requirement of section 5.07(a) was properly brought to the trial court's attention and preserved by appellants in their motion for summary judgment. The trial court should have dismissed this cause of action. We sustain appellant's point of error three.

Because of our disposition of appellant's point of error three, we do not reach his points of error one and two. The trial court's judgment of forfeiture is reversed and an order of dismissal rendered.