**The STATE of Texas, Petitioner,**

v.

**$435,000.00 (Selestine Ara Lovelace),
Respondent.**

**No. D–1592.**

Supreme Court of Texas.

Oct. 7, 1992.

Rehearing Overruled Dec. 16, 1992.

John B. Holmes, Don J. Clemmer, Alan Curry, Houston, for petitioner.

Kyle W. King, Frank M. Sheppard, Houston, for respondent.

**PER CURIAM.**

Since 1955, the Legislature has by various statutes prescribed certain procedures for judicial proceedings to forfeit property seized in illicit drug trafficking. Until 1989, those statutes provided that after the State initiated a forfeiture action and a claimant filed a verified answer to recover the property, "a time for hearing on forfeiture shall be set within 30 days" of the filing of the answer.[1] Shortly before the Legislature eliminated this provision, a conflict arose among the courts of appeals over its proper application. As it appears that a significant number of cases remain to be decided under the procedures which existed until 1989, we undertake here to resolve the conflict among the courts of appeals.

The conflict involves two principal areas of disagreement. The first is whether the pre–1989 language required that a hearing actually be conducted within 30 days after an answer was filed, or only

---

1. In 1955, the Legislature enacted Tex.Penal Code Ann. art. 725d, § 5 of which stated in part: "If such answer is filed, a time for hearing on forfeiture shall be set within thirty (30) days of the date of filing the answer...." Act of May 5, 1955, 54th Leg., R.S., ch. 300, 1955 Tex.Gen. Laws 810, 812. This statute was repealed and replaced in 1973 by the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.07(a) of which contained the identical provision. Act of May 28, 1973, 63rd Leg., R.S., ch. 429, 1973 Tex.Gen.Laws 1132, 1161. The language was amended slightly in 1985 to read: "If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer...." Act of May 25, 1985, 69th Leg., R.S., ch. 227, § 13, 1985 Tex.Gen.Laws 1102,

1124. Effective September 1, 1989, the Legislature repealed article 4476–15 and recodified its provisions in the Health and Safety Code, § 481.157(a) of which stated: "Not later than the 30th day after the date an answer is filed, the court shall set a time for a hearing on the forfeiture." Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2946. Shortly thereafter, however, in a called session, the Legislature repealed these provisions of the Health and Safety Code and established new procedures in the Code of Criminal Procedure. Act of July 19, 1989, 71st Leg., 1st C.S., ch. 12, § 1, 1989 Tex.Gen.Laws 14. The present procedures, effective since October 18, 1989, no longer prescribe a period for setting a hearing on forfeiture. TEX.CODE CRIM.PROC. art. 59.05.

that action be taken during that period to schedule a hearing for some date, which might be outside the 30–day period. In *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ), the first case to address this issue, the court held, contrary to the position of both parties, that a hearing must actually be conducted within the 30–day period. The next court to consider the issue disagreed. In *Clark v. State*, 693 S.W.2d 23 (Tex.App.—Beaumont 1985, no writ), the court held that it was sufficient if within 30 days a hearing was scheduled for some later date. No court has followed *Boren*. Several courts have followed *Clark: State v. One 1986 Nissan Auto*, 792 S.W.2d 577, 579 (Tex.App.—El Paso 1990, no writ); *State v. $4,097*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied), *overruled on other grounds by State v. 1985 Chevy PU*, 797 S.W.2d 682 (Tex.App.—Fort Worth 1990, no writ); *State v. Rivera*, 804 S.W.2d 141, 142 (Tex.App.—Corpus Christi 1990, writ denied).

We agree with *Boren* that the more plausible construction of the statutory language is to require that a hearing actually be conducted within 30 days following the filing of an answer. The *Clark* construction would permit a hearing to be conducted at any time, weeks or months after the answer was filed, as long as the date for the hearing was set during the 30–day period. The purpose of the provision appears to have been to ensure a prompt resolution of forfeiture actions. The *Boren* construction serves that purpose; the *Clark* construction does not.

The second area of disagreement among the courts of appeals concerns the effect to be given the failure to conduct a hearing—or to schedule a hearing under the *Clark* line of cases—within the 30–day period. In *McKee v. State*, 318 S.W.2d 113 (Tex.Civ. App.—Amarillo 1958, writ ref'd n.r.e.), the court held that this failure did not require dismissal of the proceeding. In *State v. Cherry*, 387 S.W.2d 149 (Tex.Civ.App.—Dallas 1965, no writ), the court expressed approval of this holding. *Boren* also agreed with *McKee* (even though *Boren* read the statute as requiring that a hearing be held and not merely scheduled within

the 30–day period). The first case to disagree with *McKee* was *$4,097*, which held that even though the State was diligent in attempting to obtain a hearing within the 30–day period, the trial court's refusal to set a hearing required that the action be dismissed. In a mandamus proceeding arising out of the case now before us on appeal, the court agreed with *$4,097*. *Lovelace v. Downey*, 783 S.W.2d 824 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding). Two other courts followed suit, also relying upon *$4,097*. *One 1986 Nissan Auto; Lopez v. State*, 797 S.W.2d 272 (Tex.App.—Corpus Christi 1990, writ denied). However, the same day *Lopez* was decided, the Second District Court of Appeals reversed itself in *$4,097*. *State v. 1985 Chevy PU*, 797 S.W.2d 682 (Tex. App.—Fort Worth 1990, no writ). The latter case recognized that it was unreasonable to penalize the State for failing to do something beyond its power—compel a trial court to hold a hearing within the 30 days. The court observed that mandamus was not available to the State because as a practical matter, it would be very difficult to pursue within the short time frame, and as a legal matter, the trial court would not have refused to act, a precondition for issuance of mandamus, until the 30 days had expired, after which it would be too late. The court was also persuaded that the Legislature's elimination of the provision in 1989 indicated that it had never intended that a failure to comply result in dismissal. Interestingly, the same Justice who wrote for a unanimous panel in *$4,097* also wrote for a unanimous panel in *1985 Chevy PU*. *McKee* continues to be followed: *Benavides v. State*, 804 S.W.2d 193 (Tex.App.—Houston [1st Dist.] 1991, no writ); *State v. $8,353*, 809 S.W.2d 344 (Tex.App.—Austin 1991, writ pending); *State v. $31,400*, 828 S.W.2d 112 (Tex.App.—Houston [1st Dist.] 1992, writ pending). However, so does *$4,097: Rivera; Alexander; $80,631 v. State*, 835 S.W.2d 254 (Tex.App.—Houston [14th Dist.] 1992). The Twelfth District Court of Appeals has split itself on the issue, following the *McKee* rule in one case, *State v. One 1988 Nissan Pickup*, 804

S.W.2d 957, 959 (Tex.App.—Tyler 1991, no writ) (per curiam), and the *$4,097* rule in another, *State v. Spurs,* 831 S.W.2d 40, (Tex.App.—Tyler 1992, writ pending). *Spurs* relies on this Court's denial of writ in *$4,097* and *Lopez;* it does not, however, cite its own prior decision in *One 1988 Nissan Pickup.*

■ *McKee* characterized the issue as whether the use of the word "shall" in the statutory provision indicated that the provision was mandatory or merely directory; all of the cases since *McKee* have accepted this characterization. These labels are somewhat misleading. More precisely, the issue is not whether "shall" is mandatory, but what consequences follow a failure to comply. As we have noted above, the obvious purpose of the provision was to require a prompt resolution of forfeiture proceedings. That purpose is not well served if the provision is construed to mean only that a hearing should be held, but is not required to be held, within the prescribed time. It is doubtful whether such a provision could be enforced, as by mandamus, and thus it would have little effect at all. In this sense at least, "shall" in this context is rather plainly mandatory. The appeals courts which have considered "shall" to be directory rather than mandatory have done so to avoid the consequence of dismissal. It does not follow, however, that if a trial court is required by statute to hear a forfeiture case within 30 days of the filing of the answer and does not do so, it cannot hear the case at all and must dismiss it. The mandatory provision affords the parties the right to compel the trial court to hear the case promptly. If a trial court refuses, the statute provides a basis for relief by mandamus, but not for dismissal. If the Legislature had intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed period, it could easily have said so, as it did for example in formerly prescribing a limitations period for forfeiture actions, stating at one point that they must be brought "within 30 days after the seizure and not thereafter." Act of May 30, 1983, 68th Leg., R.S., ch. 425, § 20, 1983 Tex.Gen. Laws 2361, 2397, formerly Tex.Rev.Civ. Stat.Ann. art. 4475–15, § 5.05(a). We are unwilling to read into this statute the requirement that forfeiture actions not heard within 30 days of the filing of the answer be dismissed. As the United States Supreme Court has observed in a similar context:

> There is no presumption or general rule that for every duty imposed upon the court or the Government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent. In our view, construction of the Act must conform to the " 'great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided.' " *Brock v. Pierce County,* 476 US 253, 260 [106 S.Ct. 1834, 1839, 90 L.Ed.2d 248] (1986) (quoting *United States v. Nashville, C. & St. L. R. Co.,* 118 US 120, 125 [6 S.Ct. 1006, 1008, 30 L.Ed. 81] (1886).

*United States v. Montalvo–Murillo,* 495 U.S. 711, 717–718, 110 S.Ct. 2072, 2077–2078, 109 L.Ed.2d 720 (1990) (failure to hold prompt hearing under Bail Reform Act did not required release of prisoner) (citation omitted).

We recognize that the State's seizure of property without a hearing implicates a claimant's constitutional due process rights. *See United States v. $8,850,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); *United States v. Von Neumann,* 474 U.S. 242, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986). Indeed, we believe that concern for these rights underlay the pre–1989 statutes requiring a hearing in forfeiture actions within 30 days of the filing of the answer. The elimination of that requirement from the present procedures does not affect the constitutional requirement that the trial court proceed promptly. What is prompt, for constitutional purposes, depends upon a consideration of the circumstances as a whole. *See $8,850,* 461 U.S. at 564–565, 103 S.Ct. at 2012–2013.

In the case before us, the State filed a notice of seizure on February 22, 1989, Lovelace answered on March 10, and on

April 18 the trial court set the case for trial on May 7, 1990. The trial court granted Lovelace's motion to dismiss the action, but later granted the State's motion to reinstate. On petition for mandamus, the court of appeals directed the trial court to vacate the reinstatement order and dismiss the case. *Lovelace,* 783 S.W.2d 824. The trial court complied, and the State now appeals. Based upon the foregoing discussion, we conclude that dismissal was improper. Lovelace was entitled to a hearing within thirty days and a prompt trial setting, and would have been entitled to mandamus relief had the trial court refused either; but she was not entitled to dismissal of the State's action for the trial court's failure to consider the case expeditiously.

Accordingly, a majority of this Court grants the State's application for writ of error and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the district court for further proceedings. TEX. R.APP.P. 170.

