April 18 the trial court set the case for trial on May 7, 1990. The trial court granted Lovelace's motion to dismiss the action, but later granted the State's motion to reinstate. On petition for mandamus, the court of appeals directed the trial court to vacate the reinstatement order and dismiss the case. *Lovelace,* 783 S.W.2d 824. The trial court complied, and the State now appeals. Based upon the foregoing discussion, we conclude that dismissal was improper. Lovelace was entitled to a hearing within thirty days and a prompt trial setting, and would have been entitled to mandamus relief had the trial court refused either; but she was not entitled to dismissal of the State's action for the trial court's failure to consider the case expeditiously.

Accordingly, a majority of this Court grants the State's application for writ of error and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the district court for further proceedings. TEX. R.APP.P. 170.

ing that the State failed to request a hearing within 30 days of claimant's answer, as formerly required by Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 5.07(a), Act of May 28, 1973, 63rd Leg., R.S., ch. 429, 1973 Tex. Gen.Laws 1132, 1161, as amended, Act of May 25, 1985, 69th Leg., R.S., ch. 227, § 13, 1985 Tex.Gen.Laws 1102, 1124. The court of appeals reversed the judgment and remanded the cause to the trial court to reinstate the case, stating that "[w]e agree with the courts of appeals that have construed former § 5.07(a) to be directory and not mandatory." 809 S.W.2d 344, 347. In our opinion today in *State v. $435,000,* 842 S.W.2d 642 (Tex.1992) (per curiam), this court holds that former section 5.07(a) was mandatory and that the claimant "was entitled to a hearing within thirty days and a prompt trial setting, and would have been entitled to mandamus relief had the trial court refused either; but ... [the claimant] was not entitled to dismissal of the State's action for the trial court's failure to consider the case expeditiously." *Id.* at 645. Petitioner's application for writ of error is denied.

**$8,353.00 U.S. CURRENCY**

v.

**The STATE of Texas.**

**No. D–1305.**

Supreme Court of Texas.

Oct. 7, 1992.

Jay Doyle, Austin, for petitioner.

April Bacon, Austin, for respondent.

PER CURIAM.

In this forfeiture case, the trial court granted the claimant's motion to dismiss and dismissed the suit with prejudice, find-

**The STATE of Texas, Petitioner,**

v.

**Clarence SPURS, $17,590 and One Ledger, Respondents.**

**No. D–2638.**

Supreme Court of Texas.

Oct. 7, 1992.

Amy R. Blalock, Tyler, Dan Morales, Austin, Jack Skeen, Jr., Tyler, for petitioner.

Bill D. Rosenstein, Tyler, for respondents.