In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00029-CV

                                                ______________________________

 

 

                                 $2,240.00 U.S.
CURRENCY, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. CV34788

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            For over
seven and one-half years, Eddie Coleman has been trying to get his money back from
the State or at least to obtain a ruling on the State’s forfeiture action in
which it seeks to have that cash formally forfeited to the State.[1]  So far, Coleman has been singularly
unsuccessful.  Because we have no
jurisdiction to hear this attempted appeal from an order denying his motion to
dismiss the State’s forfeiture action for want of prosecution, Coleman must
fail here, too.[2]

            The initial
issue before us is dispositive.  We may
not consider the appeal.  It is not from
a judgment.  It is from the denial of a
motion to dismiss for want of prosecution. 
Whatever we may think of that ruling, it is not appealable.  We have a limited range of appellate
jurisdiction over orders other than final judgments in civil proceedings.  See
Tex. Civ. Prac. & Rem. Code Ann.
art. 51.014 (Vernon 2008).  This order is
not of a type listed by the Legislature as one that is appealable.  Thus, we have no jurisdiction over the
attempted appeal.

            We dismiss
the appeal for want of jurisdiction.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
16, 2010

Date Decided:             June
17, 2010

 

 

 

 











[1]The
procedural background is remarkable.  In
late 2002, the State filed a petition to forfeit $2,240.00 in United States
currency and apparently took possession of the cash from Coleman.  A default judgment was taken in 2003, but a
joint motion for new trial was thereafter granted.  It appears that the State had served Coleman
by posting the citation in the Hopkins County Courthouse, based on its lack of
knowledge of his whereabouts.  At the
time, he was incarcerated in the Hopkins County Jail.  The action still remains pending in the trial
court.  In the meantime, Coleman sent
discovery in the form of interrogatories and requests for admission that appear
not to have been answered by the State, and he filed a motion for summary
judgment October 5, 2004.  The State
filed its response two years later, on November 15, 2006.  It appears that no ruling has been made on
his motion.

                On
December 2, 2008, Coleman filed a motion seeking to dismiss the lawsuit for
want of prosecution.  It does not appear
that the State responded.  Accordingly,
on December 15, 2009, Coleman filed a notice advising the trial court of the
pending motion and of his intent to file a petition for writ of mandamus with
this Court to compel action on his pending motion.  He filed his petition March 19, 2009.  We granted relief and directed the trial
judge to rule on the motion, which at that time had been pending for fifteen
months.  Despite the apparent absence of
any effort by the State to pursue its eight-year-old lawsuit, the trial court
then denied the motion to dismiss for want of prosecution.

                Coleman
appeals from that ruling.  We recognize
that, pragmatically, this has placed the defendant in a no-win situation.  The State has already confiscated his
money—it did so eight years ago.  In the
absence of a formal forfeiture, it must return what it took from him.  Rather than pursuing the forfeiture, however,
the State has chosen to stand mute for a number of years, presumably with
Coleman’s money in hand.  Coleman has
attempted by several methods to force action by the plaintiff-State, to no
avail.

 





[2]We
recognize, as has the Texas Supreme Court, that the State’s seizure of property
without a hearing implicates a claimant’s constitutional due process
rights.  See United States v. Von Neumann, 474 U.S. 242 (1986) (thirty-six day
delay); United States v. $8,850.00,
461 U.S. 555 (1983); State v. $435,000.00,
842 S.W.2d 642, 644 (Tex. 1992).  What is
prompt, for constitutional purposes, depends on a consideration of the
circumstances as a whole.  See $8,850.00, 461 U.S. at 564–65; $435,000.00, 842 S.W.2d at 644.

                In
its analysis in $8,850.00, the United
States Supreme Court used the factors set out in the Barker speedy- trial analysis, a major part of which is the length
of the delay.  See Barker v. Wingo, 407
U.S. 514 (1972).  The Court considered
the eighteen-month delay as significant. 
Here, eight years has passed—with multiple efforts by Coleman to proceed
with the case to no avail.  One might claim
that the State has, under color of state law, deprived Coleman of property
without the requisite due process, and has not within a constitutionally
justifiable period of time either obtained the right to forfeit the money or
returned the money to him.  See 42 U.S.C. § 1983 (2003) (civil
rights action).