

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00029-CV

_____


$2,240.00 U.S. CURRENCY, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. CV34788


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

For over seven and one-half years, Eddie Coleman has been trying to get his money back from the State or at least to obtain a ruling on the State's forfeiture action in which it seeks to have that cash formally forfeited to the State.[1] So far, Coleman has been singularly unsuccessful. Because we have no jurisdiction to hear this attempted appeal from an order denying his motion to dismiss the State's forfeiture action for want of prosecution, Coleman must fail here, too.[2]

---

[1] The procedural background is remarkable. In late 2002, the State filed a petition to forfeit $2,240.00 in United States currency and apparently took possession of the cash from Coleman. A default judgment was taken in 2003, but a joint motion for new trial was thereafter granted. It appears that the State had served Coleman by posting the citation in the Hopkins County Courthouse, based on its lack of knowledge of his whereabouts. At the time, he was incarcerated in the Hopkins County Jail. The action still remains pending in the trial court. In the meantime, Coleman sent discovery in the form of interrogatories and requests for admission that appear not to have been answered by the State, and he filed a motion for summary judgment October 5, 2004. The State filed its response two years later, on November 15, 2006. It appears that no ruling has been made on his motion.

On December 2, 2008, Coleman filed a motion seeking to dismiss the lawsuit for want of prosecution. It does not appear that the State responded. Accordingly, on December 15, 2009, Coleman filed a notice advising the trial court of the pending motion and of his intent to file a petition for writ of mandamus with this Court to compel action on his pending motion. He filed his petition March 19, 2009. We granted relief and directed the trial judge to rule on the motion, which at that time had been pending for fifteen months. Despite the apparent absence of any effort by the State to pursue its eight-year-old lawsuit, the trial court then denied the motion to dismiss for want of prosecution.

Coleman appeals from that ruling. We recognize that, pragmatically, this has placed the defendant in a no-win situation. The State has already confiscated his money—it did so eight years ago. In the absence of a formal forfeiture, it must return what it took from him. Rather than pursuing the forfeiture, however, the State has chosen to stand mute for a number of years, presumably with Coleman's money in hand. Coleman has attempted by several methods to force action by the plaintiff-State, to no avail.

[2] We recognize, as has the Texas Supreme Court, that the State's seizure of property without a hearing implicates a claimant's constitutional due process rights. *See United States v. Von Neumann*, 474 U.S. 242 (1986) (thirty-six day delay); *United States v. $8,850.00*, 461 U.S. 555 (1983); *State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992). What is prompt, for constitutional purposes, depends on a consideration of the circumstances as a whole. *See $8,850.00*, 461 U.S. at 564–65; *$435,000.00*, 842 S.W.2d at 644.

In its analysis in *$8,850.00*, the United States Supreme Court used the factors set out in the *Barker* speedy-trial analysis, a major part of which is the length of the delay. *See Barker v. Wingo*, 407 U.S. 514 (1972). The Court considered the eighteen-month delay as significant. Here, eight years has passed—with multiple efforts by Coleman to proceed with the case to no avail. One might claim that the State has, under color of state law, deprived Coleman of property without the requisite due process, and has not within a constitutionally justifiable period of time either

The initial issue before us is dispositive. We may not consider the appeal. It is not from a judgment. It is from the denial of a motion to dismiss for want of prosecution. Whatever we may think of that ruling, it is not appealable. We have a limited range of appellate jurisdiction over orders other than final judgments in civil proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. art. 51.014 (Vernon 2008). This order is not of a type listed by the Legislature as one that is appealable. Thus, we have no jurisdiction over the attempted appeal.

We dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 16, 2010
Date Decided:       June 17, 2010

---

obtained the right to forfeit the money or returned the money to him. *See* 42 U.S.C. § 1983 (2003) (civil rights action).

3