**Maria Dalia BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01225–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 17, 1991.

Rehearing Overruled Feb. 7, 1991.

**194**

Frank Alvarez, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Don Clemmer, Asst. Dist. Atty., for appellee.

Before DUGGAN, COHEN and DYESS *, JJ.

## OPINION

COHEN, Justice.

The issue before us is whether, in a drug forfeiture case, the statute requiring that a "time for hearing" be set within 30 days of the defendant's answer is mandatory or directory. We hold it is directory.

On March 7, 1989, the State filed its notice of seizure and intended forfeiture, pursuant to TEX.REV.CIV.STAT.ANN. art. 4476–15, section 5.05(a).[1] Appellant answered on May 30, 1989. On July 31, 1989, the State requested a trial setting. On August 10, 1989, the court set the trial for October 16, 1989. At trial, the State prevailed.

Appellant contends the trial court erred in denying her motion to dismiss because the State failed to obtain "the setting of a trial date" within 30 days of her answer, as required by TEX.REV.CIV.STAT.ANN. art. 4476–15, section 5.07(a).[2]

Section 5.07(a) provided:

> If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer.

It is undisputed that the State neither requested nor obtained a time for hearing within 30 days of appellant's answer. Several courts have held that section 5.07(a) is mandatory, and that the sanction for noncompliance is dismissal. *State v. One (1) 1986 Nissan Automobile*, 792 S.W.2d 577, 579 (Tex.App.—El Paso 1990, no writ); *Lovelace v. Downey*, 783 S.W.2d 824, 826 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding) (granting mandamus for failure to set a date for hearing within 30 days of answer); *State v. $4097 In U.S. Currency*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied) (hearings on forfeiture cases must be set within 30 days of the filing of an answer), later overruled by *State v. 1985 Chevy PU*, 797 S.W.2d 682, 683 (Tex.App.—Fort Worth 1990, no writ); *Clark v. State*, 693 S.W.2d 23, 24 (Tex.App. —Beaumont 1985, no writ) (the case must be set, not heard, within 30 days). One court has held that section 5.07(a) is merely directory. *State v. Boren*, 654 S.W.2d 547, 549 (Tex.App.—Waco 1983, no writ).

In determining whether a statute is mandatory or directory, we must ascertain and effectuate the legislature's intent. *Chisholm v. Bewley Mills*, 155 Tex. 400, 403, 287 S.W.2d 943, 945 (1956). In so doing, we must give effect to the entire act, its nature and object, and the consequences that would follow from each construction. *Id.* Provisions that do not re-

---

* The Honorable Arthur Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. *Ch.* 425, § 20, 1983 Tex.Gen.Laws, 2361, 2397, *repealed by and codified in* ch. 678, §§ 1 and 13(1), 1989 Tex.Gen.Laws, 2230, 2944–45, 3165, as TEX.HEALTH & SAFETY CODE ANN. § 481.154 (Vernon Pamph.1991) (effective September 1, 1989), *repealed and reenacted by* ch. 12, §§ 1 and 12, 1st Called Sess., 1989 Tex.Gen.Laws, 16, 21, as TEX.CODE CRIM.P.ANN. art. 59.04 (Vernon Supp. 1991) (effective October 18, 1989).

2. *Ch.* 227, § 13, 1985 Tex.Gen.Laws, 1102, 1124, *repealed by and codified in* ch. 678, §§ 1 and 13(1), 1989 Tex.Gen.Laws, 2230, 2946, 3165, as TEX.HEALTH & SAFETY CODE ANN. § 481.157 (Vernon Pamph.1991) (effective September 1, 1989), *repealed and reenacted by* ch. 12, §§ 1 and 12, 1st Called sess., 1989 Tex.Gen.Laws, 17, 21, as TEX. CODE CRIM.P.ANN. art. 59.05 (Vernon Supp.1991) (effective October 18, 1989).

late to the essence of the thing to be done, but merely promote the orderly conduct of business, are generally considered directory, even though the word "shall" is used. *Id.*

■ We hold that section 5.07(a) is directory, intended only to promote the orderly and prompt conduct of business. Cases construing similar forfeiture statutes and applying the *Chisholm* principles have reached the same result. *State v. Cherry,* 387 S.W.2d 149, 152–53 (Tex.Civ.App.—Dallas 1965, no writ); *McKee v. State,* 318 S.W.2d 113, 116–17 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.). We decline to follow the cases that did not discuss or apply the *Chisholm* principles of statutory construction. *One (1) 1986 Nissan Automobile,* 792 S.W.2d at 578–79; *Lovelace,* 783 S.W.2d at 826; *$4097 In U.S. Currency,* 773 S.W.2d at 675; *Clark,* 693 S.W.2d at 24.

The essence of the Controlled Substances Act is suppression of drug traffic by imposing penalties, including forfeiture, upon violators. *State v. One 1977 Oldsmobile,* 700 S.W.2d 33, 36 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 715 S.W.2d 641 (Tex.1986). We conclude that section 5.07(a), which only concerns when to schedule a hearing, relates more to the orderly conduct of business than to the essence of the Act.

It is significant that the statute provides no consequences for not setting a hearing within 30 days.

> If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.
>
> . . . .
>
> It is reasonable to believe, therefore, that if the Legislature had intended that a claim established by judgment should be barred if not filed within thirty days as required by [section 5.07(a)], it would have expressly so stated.

*Chisholm,* 155 Tex. at 403, 287 S.W.2d at 945 (citations omitted). It is reasonable to believe, therefore, that if the legislature had intended that dismissal be a sanction for noncompliance with section 5.07(a), it would have expressly so stated.

In *1985 Chevy PU,* a panel of the Fort Worth court overruled an earlier panel opinion holding section 5.07(a) mandatory. 797 S.W.2d at 683 (panel opinion overruling *$4097 in U.S. Currency* ). The same justice wrote both opinions. In *1985 Chevy,* the court held that it would violate the separation of powers provision of our state constitution to hold section 5.07(a) mandatory. 797 S.W.2d at 685; Tex. Const. art. II, sec. 1; *see also Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App.1987). We need not decide that constitutional issue, however, having held that the statute is directory.

The point of error is overruled.

The judgment is affirmed.