The STATE of Texas, Appellant,

v.

$31,400, Appellee.

No. 01–91–0030–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 13, 1992.

Publication Ordered March 12, 1992.

Rehearing Denied June 11, 1992.

Don Clemmer, Asst. Dist. Atty., John B. Holmes, Dist. Atty., for appellant.

Clinard B. Hanby, Nickolas C. Barrera, Houston, for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

Appellant, the State of Texas, appeals the granting of a summary judgment in favor of appellee.

On April 20, 1989, the State filed its notice of seizure and intended forfeiture, pursuant to TEX.REV.CIV.STAT.ANN. art. 4476–15, section 5.05(a).[1] The State alleged that Fernando Guevara and Stephen Renteria were joint owners and possessors of $45,370 cash and 253 grams of cocaine, which had been seized during their arrest on March 29, 1989. On May 9, 1989, Guevara filed an answer, in which he claimed ownership of $31,400 of the cash, and claimed that the cash was illegally seized.

Meanwhile, Guevara was indicted for criminal violations by the State, based on the same transaction that resulted in the forfeiture suit. Before Guevara's criminal case went to trial, the trial court granted Guevara's motion to suppress all the evidence obtained from Guevara's arrest because the initial stop of Guevara was without probable cause. The State then dismissed the indictment against Guevara.

The trial court, in the forfeiture suit, granted Guevara's motion for summary judgment on two grounds: 1) the granting of the motion to suppress by the judge presiding over the related criminal case, and 2) the failure of the State to request a forfeiture hearing within 30 days of the filing of Guevara's answer.

When reviewing the granting of a motion for summary judgment, an appellate court must take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988). The movant has the burden of showing that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. *MMP*, 710 S.W.2d at 60.

Appellant asserts, in its sole point of error, that the trial court erred in granting Guevara's motion for summary judgment. In this case, the facts are not in dispute. The dispute concerns whether Guevara was entitled to summary judgment as a matter of law.

■ Guevara contends that because the State's burden of proof is the same in a motion to suppress hearing as in a forfeiture action, and what the State has to prove in a forfeiture action is what the State has to prove on a motion to suppress evidence, i.e., that the evidence was legally acquired, the granting of the motion to suppress evidence in the criminal case was dispositive of the forfeiture action.

In a motion to suppress hearing, the State must prove there was probable cause for stopping and searching a defendant. In a forfeiture action, the State must show probable cause for seizing a person's property. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex.1987); *Foster v. State*, 767 S.W.2d 909, 911 (Tex.App.—Dallas 1989, pet. ref'd). In the context of forfeiture, probable cause is a reasonable belief that " 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.' " *Foster*, 767 S.W.2d at 911 (quoting *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir.1981)). The State may show probable cause for seizing a person's property while failing to show probable cause to search a defendant. In a forfeiture action, the State could show

1. Act of June 17, 1989, 68th Leg., R.S., ch. 425, § 20, 1983 Tex.Gen.Laws, 2361, 2397, *repealed by and codified in* Act of June 14, 1989, 71st Leg., R.S., ch. 678, §§ 1, 13(1), 1989 Tex.Gen. Laws, 2230, 2944–45, 3165, as TEX.HEALTH & SAFETY CODE ANN. § 481.154 (Vernon Pamph.1991) (effective September 1, 1989), *repealed and reenacted by* Act of August 2, 1989, 71st Leg., 1st C.S., ch. 12, §§ 1 and 12, 1989 Tex.Gen.Laws, 16, 21, as TEX.CODE CRIM.P.ANN. art. 59.04 (Vernon Supp.1991) (effective October 18, 1989).

there was a reasonable belief there was a substantial connection between the $31,400 and Guevara's criminal activities, while failing to show that the police officers had probable cause for searching Guevara.

By granting the motion to suppress, the judge in the criminal case did not necessarily find there was no reasonable belief there was a substantial connection between the $31,400 and the criminal activity. Appellee's summary judgment evidence did not include either the statement of facts from the motion to suppress hearing or the order granting the motion to suppress. Therefore, the record does not prove, as a matter of law, that the judge in the criminal matter determined there was no reasonable belief of a substantial connection between the $31,400 and any criminal activity.

We note that article 59.05(d) of the Texas Code of Criminal Procedure provides that:

[a]n owner or interest holder may present evidence of a dismissal or acquittal of an underlying felony in a forfeiture proceeding, and evidence of an *acquittal* raises a presumption that the property or interest that is the subject of the hearing is nonforfeitable.

(Emphasis added.)

Here, Guevara presented evidence that the underlying felony was *dismissed,* which he was permitted to do under article 59.05(d). However, Guevara was not entitled to a presumption that the $31,400 was nonforfeitable because he did not produce evidence of an *acquittal* in the underlying felony criminal case.

■ The second ground upon which the trial court granted Guevara's motion for summary judgment is that the State failed to request a forfeiture hearing within 30 days of the filing of Guevara's answer, pursuant to TEX.REV.CIV.STAT.ANN. art. 4476–15, section 5.07(a)[2]. Section 5.07(a) provided:

If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer.

We note that TEX.CODE CRIM.P.ANN. art. 59.05(a) (Vernon 1992), which is the statute that replaced former section 5.07(a), does not provide that a hearing on forfeiture be set within 30 days of filing the answer. Article 59.05(a) provides that the parties must comply with the rules of pleading as required in civil suits. Because this case was heard before the date article 59.05(a) went into effect, former section 5.07(a) will be applied in this case.

We find the case of *Benavides v. State,* 804 S.W.2d 193 (Tex.App.—Houston [1st Dist.] 1991, no writ), to be dispositive of this issue. In *Benavides,* the State failed to request a forfeiture hearing within thirty days of the appellant's answer. *Id.* at 194. The case went to trial, and the State prevailed at trial. *Id.* On appeal, the appellant asserted that the trial court erred in denying her motion to dismiss because the State failed to obtain the setting of a hearing within 30 days of her answer. *Id.*

This Court held that the trial court did not err in denying the appellant's motion to dismiss because section 5.07(a) was directory, not mandatory. *Benavides,* 804 S.W.2d at 194–95. A directory statute is "intended to promote the orderly and prompt conduct of business." *Id.* at 195. This Court held that had "the legislature intended that dismissal be a sanction for noncompliance with section 5.07(a), it would have expressly so stated." *Id.*

We hold that Guevara was not entitled to summary judgment as a matter of law on the ground that the State failed to request a hearing within 30 days of Guevara's answer. Had the legislature intended summary judgment to be a sanction for not complying with section 5.07(a), it could have expressly provided for that sanction. Because section 5.07(a) was directory and

**2.** Act of May 24, 1989, 68th Leg., R.S., ch. 227, § 13, 1985 Tex.Gen.Laws, 1102, 1124, *repealed by and codified in* Act of June 14, 1989, 71st Leg., R.S., ch. 678, §§ 1, 13(1), 1989 Tex.Gen. Laws, 2230, 2946, 3165, as TEX.HEALTH & SAFETY CODE ANN. § 481.157 (Vernon Pamph.1991) (ef-

fective September 1, 1989), *repealed and reenacted by* Act of August 2, 1989, 71st Leg., 1st C.S., ch. 12, §§ 1 and 12, 1989 Tex.Gen.Laws, 17, 21, as TEX.CODE CRIM.P.ANN. art. 59.05 (Vernon 1991) (effective October 18, 1989).

not mandatory, the State may not have a summary judgment entered against it for failing to request or obtain a time for a forfeiture hearing within 30 days after Guevara's answer.

Appellant's sole point of error is sustained.

The judgment is reversed, and the cause remanded for a trial on the merits. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958).