### $31,400.00

### v.

### The STATE of Texas.

### No. D–2698.

Supreme Court of Texas.

Oct. 14, 1992.

Clinard J. Hanby and Nickolas Barrera, Houston, for petitioner.

Dan Morales, Austin, John B. Holmes, Houston, Don J. Clemmer and Alan Curry, Houston, for the State.

PER CURIAM.

In this forfeiture case, the trial court granted the claimant's motion for summary judgment for, among other things, the State's failure to request a hearing within 30 days of claimant's answer, as formerly required by Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.07(a), Act of May 28, 1973, 63rd Leg., R.S., ch. 429, 1973 Tex.Gen. Laws 1132, 1161, as amended, Act of May 25, 1985, 69th Leg., R.S., ch. 227, § 13, 1985 Tex.Gen.Laws 1102, 1124. The court of appeals reversed the judgment and remanded the cause for a trial on the merits, stating that "[b]ecause section 5.07(a) was directory and not mandatory, the State may not have a summary judgment entered against it for failing to request or obtain a time for a forfeiture hearing within 30 days after ... [the claimant's] answer." 828 S.W.2d 112, 114–15. In *State v. $435,000*, 842 S.W.2d 642 (Tex.1992) (per curiam), we held that former section 5.07(a) was mandatory and that the claimant "was entitled to a hearing within thirty days and a prompt trial setting, and would have been entitled to mandamus relief had the trial court refused either; but ... [the claimant] was not entitled to dismissal of the State's action for the trial court's failure to consider the case expeditiously." *Id.* at 645. Petitioner's application for writ of error is denied.