11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
$808.00 U.S. Currency
            Appellant
Vs.                  No. 11-04-00184-CV -- Appeal from Coleman County 
State of Texas
            Appellee
 
            This is an appeal from a civil forfeiture proceeding under TEX. CODE CRIM. PRO. ANN.
ch. 59 (Vernon Pamph. Supp. 2004 - 2005). The trial court ordered that $808.00 in U.S. currency
belonging to Benito Vasquez Diaz be forfeited to the State. We affirm.
            Diaz was under investigation by the West Central Texas Interlocal Crime Task Force for
dealing drugs in Coleman County. On December 3, 2003, Marty Baker, a Taylor County peace
officer assigned to the task force, observed an apparent drug deal between Diaz and Tamela Rosales
taking place in Diaz’s vehicle. Upon approaching them, Officer Baker discovered 4.4 grams of
methamphetamine and $808.00 in U.S. currency inside Diaz’s vehicle and on Diaz’s person. Officer
Baker seized the currency and arrested Diaz. On December 12, 2003, the State filed an Original
Notice of Seizure and Intended Forfeiture with the district court of Coleman County. On December
29, 2003, Diaz was served with a citation and a copy of this notice. On April 27, 2004, the trial court
ordered that the property be forfeited. Diaz appeals from the judgment of forfeiture. 
            Forfeiture proceedings of seized property are civil in nature. Article 59.05(b). Where, as in
this case, findings of fact and conclusions of law are neither filed nor requested, the appellate court
must presume that the trial court made all the necessary findings to support the judgment. $162,950
in Currency of the United States v. State, 911 S.W.2d 528, 529 (Tex.App. – Eastland 1995, writ
den’d). We must affirm the judgment if it can be upheld on any legal theory that finds support in
the evidence. $162,950 in Currency of the United States v. State, supra.
            In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the
property seized is contraband and, therefore, that the property is subject to forfeiture. Articles
59.02(a) & 59.05(b);$162,950 in Currency of the United States v. State, supra. The State does not
have to prove that a specific crime was committed. $162,950 in Currency of the United States v.
State, supra.
            Contraband is defined as “property of any nature, including real, personal, tangible, or
intangible, that is used or intended to be used in the commission of any felony under Chapter 481,
Health and Safety Code (Texas Controlled Substances Act).” Article 59.01(2)(B)(i). Possession and
delivery of methamphetamine is a felony under the Texas Controlled Substances Act. See TEX.
HEALTH & SAFETY CODE ANN. §§ 481.102 & 481.112(a) & (d) (Vernon Supp. 2004 - 2005). 
            We find that the preponderance of evidence supports the State’s position that the seized
currency was contraband. Attached to its Original Notice of Seizure and Intended Forfeiture, the
State submitted the affidavit of Officer Baker, the arresting officer who seized the currency. Officer
Baker stated in his affidavit that there was an ongoing investigation into the drug dealings of Diaz. 
He further stated that, when he arrested Diaz, he observed what appeared to be a drug deal between
Diaz and Rosales taking place in Diaz’s car. Officer Baker also stated that he found meth-amphetamine in Diaz’s car, along with $808.00 in U.S. currency. Officer Baker concluded in his
affidavit that he believed the money was proceeds gained in the commission of a felony. Diaz never
disputed or contested any of the statements in Officer Baker’s affidavit.
            Diaz argues that, because the case against him was dismissed, there is a presumption that the
property seized is nonforfeitable under Article 59.05(d). We disagree. Only an acquittal entitles
appellant to such a presumption. See Article 59.05(d); State v. $31,400, 828 S.W.2d 112, 114
(Tex.App. - Houston [1st Dist.]), writ den’d, 842 S.W.2d 645 (Tex.1992). Although there was a
dismissal in Diaz’s case, there was no acquittal. Furthermore, we note that a final conviction for an
underlying offense is not a requirement for forfeiture under Chapter 59. Article 59.05(d).
            Diaz also argues that the State failed to notify him of the forfeiture. We disagree. The
State’s Original Notice of Seizure and Intended Forfeiture was filed with the district clerk on
December 12, 2003. On December 29, 2003, Diaz was served with a citation and copy of this notice;
and the citation specified that, if Diaz or his attorney did not file a written answer by 10:00 a.m. on
the Monday next following the expiration of 20 days after he was served, a default judgment may
be taken against him. There is no evidence in the record that Diaz did not receive the citation or the
notice.
            We hold that the seizure and forfeiture of the property in this case was lawful. The judgment
of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
April 28, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.