**Susan A. FOUNTAIN, f/k/a Susan A. Knebel, Appellant,**

v.

**Robert L. KNEBEL, Jr., Appellee.**

**No. 05–99–01718–CV.**

Court of Appeals of Texas, Dallas.

April 11, 2001.

Myrna B. Silver, Dallas, for Appellant.

Frank H. Moore, Delbert L. Gibbs, Fernandez & Knebel, P.C., Raymond R. Fernandez, Jr., Fernandez, Forgerson & Knebel, P.C., Dallas, for Appellee.

John H. Withers, Sr., Dallas, for Mediator.

Before Justices JAMES, FITZGERALD, and MARTIN RICHTER.

## OPINION

Opinion By Justice MARTIN RICHTER.

This is an appeal of a final divorce decree. Appellant Susan A. Fountain brings two issues. In her first issue, Fountain contends the evidence is factually insufficient to support the trial court's finding that the value of her husband's interest in his law firm was $10,000. In her second issue, Fountain complains the trial court abused its discretion in denying her motion for continuance when the court had not yet resolved her pending appeal regarding an associate judge's ruling on a motion to compel discovery. We agree the trial court abused its discretion in denying the

motion for continuance while Fountain's appeal remained pending. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

During the parties' marriage, Robert L. Knebel was a minority shareholder in the law firm of Fernandez & Knebel. Fountain contends that Knebel's interest in the firm is the largest single asset of the community estate. A dispute arose regarding Fountain's attempt to obtain discovery regarding the value of Knebel's interest in the firm, and Fountain moved to compel discovery from the law firm. The matter was referred to an associate judge who held a hearing on April 1, 1998, and rendered a report on July 10, 1998. Fountain was dissatisfied with the associate judge's ruling and timely appealed to the referring court. The referring court set the appeal for hearing on August 25, 1998. According to Fountain,[1] the trial judge failed to conduct a hearing but instead met with the parties in chambers. At that time, the judge deferred ruling on the appeal and directed Fountain to review certain documents the associate judge had ordered produced. Then, if Fountain determined the information was insufficient, the court would hold a hearing at a later time and allow Fountain's expert to testify why additional documents were necessary to determine the value of Knebel's interest in the law firm.

After reviewing the documents as directed by the court, Fountain continued to assert she needed additional documentation and scheduled a hearing for November 13, 1998. According to Fountain, the judge was absent that day and the matter was reset for January 11, 1999. At the January 11 hearing, the judge again met with the parties in chambers and deferred ruling on Fountain's appeal. Instead, the judge encouraged the parties to attempt to resolve the dispute themselves by having their experts discuss the matter directly and then taking the experts' depositions. Fountain contends, however, that Knebel's expert failed to cooperate and that she still had been unable to obtain the needed documents when the case was called to trial for February 25, 1999.

In response to the pending trial setting, Fountain filed a motion for continuance pointing out that the trial court had yet to hold a hearing and rule on her appeal of the associate judge's report. She further alleged that because of Knebel's resistance to discovery her expert lacked sufficient information to render an opinion as to the value of Knebel's interest in his law firm. At a pretrial hearing, the motion for continuance was denied, and the parties were ordered to trial on March 3, 1999. The trial court never ruled on Fountain's pending appeal from the associate judge's report.

The judge of the 254th District Court conducted the trial, sitting for the presiding judge of the 256th District Court. At trial, there was widely conflicting evidence as to the value of Knebel's interest in his firm. In particular, Fountain contended the value was $400,000, which was the value Knebel placed on the interest in financial statements provided to the firm's lender. Knebel, however, testified that his interest was worth only the par value of the stock or "maybe $10,000 or so" as a going concern. The parties also submitted various corporate tax returns and other evidence concerning the value of the inter-

---

1. Appellee failed to file a brief after receiving three extensions of time to do so. We denied appellee's fourth request for an extension and ordered the cause submitted without appellee's brief.

est. After hearing the evidence, the judge found the value of Knebel's interest to be $10,000. This appeal followed.

## ANALYSIS

■ Because we consider the issue dispositive, we turn first to Fountain's second issue in which she contends the trial court erred in denying her motion for continuance. A continuance shall not be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law. TEX. R. CIV. P. 251; *Dallas Independent School Dist. v. Finlan*, 27 S.W.3d 220, 236 (Tex.App.—Dallas 2000, pet. denied). If a motion for continuance is based on "the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony...." TEX. R. CIV. P. 252; *Finlan*, 27 S.W.3d at 236. We will not disturb a trial court's denial of a motion for continuance unless the trial court has committed a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986).

Pursuant to the family code, a judge of a court may refer certain matters to an associate judge for hearing. *See* TEX. FAM. CODE ANN. § 201.005 (Vernon Supp. 2001). Upon ruling on the referred matter, the associate judge is to issue a report, which may contain the associate judge's findings, conclusions, or recommendations. *See id.* § 201.011 (Vernon Supp. 2001). A party has the right to appeal the associate judge's report to the referring court within three days of receiving proper notice of the associate judge's ruling. *See id.* § 201.015(a) (Vernon Supp. 2001).

■ A party who timely appeals from the report of an associate judge is entitled to a hearing de novo before the referring court. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 484 (Tex.1995) (per cu-

riam); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex.App.—El Paso 1998, no pet.); *Santikos v. Santikos*, 920 S.W.2d 731, 733 (Tex.App.—Houston [1st Dist.] 1996, writ denied). Section 201.015 of the family code requires the referring court to hold a hearing on the appeal within thirty days. TEX. FAM. CODE ANN. § 201.015(f) (Vernon Supp. 2001). The purpose of this section is to require the prompt resolution of appeals from an associate judge's rulings. *Harrell*, 986 S.W.2d at 631; *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex.App.— Fort Worth 1994, orig. proceeding). Nonetheless, the referring court does not lose its jurisdiction if it fails to hear an appeal within thirty days after the appeal is filed. *Latty*, 907 S.W.2d at 485; *Harrell*, 986 S.W.2d at 631. Rather, the thirty-day provision affords a party the right to compel the district court to hear the case promptly. *Harrell*, 986 S.W.2d at 631. The requirement is a deadline for the trial court, not the parties. *Id.* Once a party has filed a notice of appeal, the party has completed the prerequisites necessary to be entitled to a de novo hearing. *Id.*

■ In the present case, it is undisputed that Fountain timely appealed from the associate judge's report. Therefore, Fountain was entitled to de novo review by the district court. Although Fountain acquiesced to the trial court's attempt to resolve the discovery dispute informally, she continued to insist upon her right to de novo review after being frustrated at attempts to resolve the matter informally. She appeared for a hearing on her appeal on no less than three occasions. She also continued to insist upon a resolution of her appeal when the case was called for trial and properly filed a motion for continuance bringing the matter to the trial court's attention. Therefore, we cannot consider her attempts at resolving the matter to be less than diligent. *See* TEX. R. CIV. P. 252.

While there may have been considerable merit to the trial court's attempt at encouraging the parties to resolve the discovery dispute themselves, Fountain was nevertheless entitled to a resolution of her appeal before being forced to trial when the parties were unable to resolve the issue themselves. Although the family code does not set a deadline for the referring court to *resolve* the appeal, it does set a deadline for conducting a hearing; and the statutory scheme clearly contemplates a prompt resolution of the appeal. *See Harrell,* 986 S.W.2d at 631 ("It is clear that the purpose of section 201.015(f) is to require the prompt *resolution* of appeals from associate judges' rulings." (Emphasis added)). It frustrates the statutory scheme for the referring court to defer ruling on an appeal and require a party to proceed to trial before the matter has been resolved. Therefore, we conclude the trial court abused its discretion in failing to rule on appellant's appeal from the associate judge's report.

■ We further conclude that the error was harmful. *See* TEX. R. APP. P. 44.1. Under Fountain's theory of the case, Knebel's interest in his law firm was a major asset of the community estate. A proper valuation of this asset was necessary for a just and right division of the property. Fountain contends that her inability to obtain additional discovery significantly compromised her ability to show the value of this asset and, ultimately, led to an erroneous valuation of Knebel's interest and an inequitable division of the property. Under these circumstances, we conclude the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). Accordingly, we resolve Fountain's second issue in her favor. Having done so, we have no occasion to consider Fountain's first issue. *See* TEX. R. APP. P. 47.1.

We reverse sections eight and nine of the Corrected Final Decree of Divorce pertaining to division of the marital estate and transfer and delivery of property, and we remand the cause for further proceedings consistent with this opinion.