

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN GUERRERO, | § | No. 08-22-00042-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd Judicial District Court |
| A.C.G., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCM6921) |

## <u>MEMORANDUM OPINION</u>

John Guerrero appeals the issuance of a protective order by an associate judge on January 14, 2022 (the January Order). Prior to issuing the January Order, the trial court held a hearing and issued an order vacating the trial court's ruling and granting a new trial on December 30, 2021(the December Order). Appellant raises three issues for our review: He challenges the authority of the trial court to grant a new trial in the December Order, contends the trial court erred when it did not, after a timely request, hold a de novo hearing on his objection to the December Order, and contends the January Order is not supported by sufficient evidence of identification. We affirm.

**Factual and Procedural Background**

On December 2, 2021, Viridiana Garcia filed an application for protective order on behalf of Applicant, A.C.G., a minor child.[1] The application named Appellant, John Guerrero as the respondent. On December 29, 2021, an associate judge conducted a final hearing by Zoom. Appellant appeared through his attorney. On December 30, 2021, the associate judge denied the application, stating "Respondent had not been identified." On its own motion, the associate judge reconsidered the denial of the application and ordered a new trial.

On January 4, 2022, Appellant filed a combined objection to the "sua sponte new trial" and "request for hearing in front of district court." The cause was returned to the docket and referred to an associate judge on January 5, 2022. On January 14, 2022, the associate judge held a final hearing on the application for protection, and Appellant appeared through his attorney.

On January 14, 2022, the associate judge issued a protective order, finding reasonable grounds existed to believe A.C.G. was a victim of sexual assault or abuse. The January Order noticed the parties of their right to a de novo hearing before the referring court pursuant to Section 201.012 of the Family Code. TEX. FAM. CODE ANN. § 201.012. Appellant did not file a request for a de novo hearing by the referring court of the January Order. TEX. FAM. CODE ANN. § 201.015(a)(1) (a party may request a hearing before the referring court by filing a written request "not later than the third working day after the date the party receives notice" of the substance of the associate judge's report).

On January 14, 2022, Appellant timely filed his notice of appeal. He raises three issues for our review. We begin with Appellant's second and third issues, which we construe as jurisdictional challenges, and conclude with his first issue.

---

[1] To protect the privacy of the child, we refer to her by her initials. See TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

**Authority of the Trial Court to Grant a New Trial**

In his second issue, Appellant contends the trial court erred when it sua sponte granted a new trial in its December Order without a motion by either party. We construe this issue as a jurisdictional challenge because Appellant contends the trial court did not have the authority to grant a new trial.[2] He further contends because the trial court acted without authority, the December 30, 2021 order is void. We first note, although Appellant relies on criminal precedent, an application for a protective order is a civil proceeding governed by the Rules of Civil Procedure. *See e.g.*, *Amir-Sharif v. Hawkins*, 246 S.W.3d 297, 271 (Tex. App.—Dallas 2007, dism'd w.o.j.) ("An application for a protective order is a civil matter."). Rule 320 provides that a trial court may grant a new trial on its own motion while it retains plenary power. TEX. R. CIV. P. 320; *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211 (Tex. 2009); *State and County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no writ). Texas trial judges have wide discretion to order a new trial. *See In re Rudolph Automotive, LLC*, 616 S.W.3d 171, 181 (Tex. App.—El Paso 2020, original proceeding).

Appellant asserts the trial court lacked the authority to grant a new trial without a motion by either party. The opposite is true. Rule 320 expressly provides a trial court has the authority to grant a new trial on its own motion during its plenary jurisdiction. TEX. R. CIV. P. 320. That is exactly what occurred here. The associate judge ordered a new trial on the same day it issued the December Order, which was within its plenary jurisdiction. Accordingly, we find the trial court

---

[2] We further conclude that Appellant presents, in substance, a jurisdictional challenge because the grant of a new trial is not reviewable by direct appeal. *See In re Rudolph Automotive, LLC*, 616 S.W.3d 171, 181 (Tex. App.—El Paso 2020, original proceeding) (comparing direct appeal and mandamus review of a trial court's decision to grant a new trial) (citing *Cummins v. Paisan Const. Co*, 682 S.W.2d 235, 236 (Tex. 1984) (finding a trial court's order granting a new trial is not reviewable on appeal); *and In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (allowing mandamus review when an order granting a new trial failed to sufficiently articulate the trial court's reasoning).

acted within its authority and plenary power when ordered the new trial in its December Order. Appellant's second issue is overruled.

**Personal Jurisdiction**

Having concluded the trial court acted within its authority to order the new trial, we turn to Appellant's third issue in which he asserts there is insufficient evidence to support his identification as the respondent in the new trial and resulting January Order. He asserts "[a]n uncertain in-court identification of a defendant as the perpetrator of a crime, without more, is insufficient to support a guilty verdict." He contends the Clerk's Record contains no evidence of service of the application for the protective order, and no evidence was presented during the hearing to identify him as the respondent. The County responds, and we agree, the substance of Appellant's third issue is jurisdictional.

Appellant again relies on criminal precedent, which is inapplicable to this appeal, to support his contention. The Rules of Civil Procedure and the Family Code do not require the respondent in a protective order proceeding be identified in the same manner as a defendant in a criminal proceeding. And, because a protective application is a civil proceeding, we agree with the County and construe Appellant's contention he was not identified as contesting the trial courts personal jurisdiction.

In a civil proceeding, a trial court acquires personal jurisdiction over a resident respondent if the respondent is served with process, waives service of process, or makes a general appearance. *See e.g.*, *Cotton v. Cotton*, 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.). A respondent makes a general appearance if he (1) invokes the court's judgment on any question other than jurisdiction; (2) acts in a manner that demonstrates the case is properly pending; or (3) seeks affirmative action from the court. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

Although Appellant contends that the Clerk's Record contains no evidence of service, our review indicates he was properly served. And, although he did not personally appear at the hearing, he made general appearances through his attorney during all stages of the proceeding below. Because we conclude the trial court had personal jurisdiction over Appellant, and there is no requirement for a civil respondent to be identified in-court, we overrule Appellant's third issue.

## De Novo Hearing Before Referring Court

In Appellant's first issue, he contends he timely requested a de novo hearing before the referring court to contest the December Order, and the trial court's failure to hold the hearing was error. We review a trial court's decision to grant or deny a de novo hearing for an abuse of discretion. *See Fountain v. Knebel*, 45 S.W.3d 736, 739–40 (Tex. App.—Dallas 2001, no pet.). Failure to hold a hearing when timely requested is an abuse of discretion. *Id.*

The Family Code provides that a judge may refer "to an associate judge any aspect of a suit over which the court has jurisdiction . . . [u]nless a party files a written objection to the associate judge hearing a trial on the merits[.]" TEX. FAM. CODE ANN. § 201.005(a),(b). "Referral is not binding on the parties, so if either party timely objects, the referring court 'shall hear the trial on the merits or preside at a jury trial.'" *Interest of A.L.M.-F.*, 593 S.W.3d 271, 273 (Tex. 2019) (citing TEX. FAM. CODE ANN. § 201.005(b),(c)); *see Ex parte Keith*, No. 04-17-00641-CV, 2017 WL 5615494, *1 (Tex. App.—San Antonio Nov. 22, 2017, no pet.) (mem. op.). Once the associate judge issues a ruling on the referred matter, the Family Code requires the associate judge to issue a report, which may contain findings, conclusions, or recommendations. TEX. FAM. CODE ANN. § 201.011.

A party has the right to appeal an associate judge's findings to the referring court in a de novo hearing by requesting such a hearing within three days after the party receives notice of the

associate judge's report. TEX. FAM. CODE ANN. § 201.015(a)(1). A party who timely requests a hearing before the referring court is entitled to a hearing by statute and failure to hold a de novo hearing or rule on a party's timely request is an abuse of discretion. *See Fountain*, 45 S.W.3d at 739–40.

Appellant contends he timely requested a de novo hearing in response to the December Order when he filed a combined objection to the granting of a new trial and requested the matter be referred back to the referring court. However, the December Order vacated the original judgment and returned the case to the trial court's docket "as though there had been no previous trial or hearing." *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Section 201.015 of the Family Code provides a party may request a de novo hearing before the referring court after it receives notice of "(1) the substance of the associate judge's report . . .; or (2) the rendering of the temporary order, if the request concerns a temporary order . . . ." TEX. FAM. CODE ANN. § 201.015(a)(1),(2). The December Order did neither. Instead, it reset the case as if no hearing was held and no ruling was issued. *Markowitz*, 118 S.W.3d at 88. Accordingly, Appellant could not request a de novo hearing to review the December Order and the trial court's failure to grant his request was not an abuse of discretion.[3] We overrule Appellant's first issue.

## CONCLUSION

The judgment of the trial court is affirmed.

YVONNE T. RODRIGUEZ, Chief Justice

March 21, 2023

---

[3] Appellant contends throughout his briefings that he requested a hearing after the December Order. He does not contend that he objected to an associate judge presiding over the new trial, nor did he object to the referral prior to the trial. *See* TEX. FAM. CODE ANN. 201.005(b).

6

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)