**CONDITIONALLY GRANT and Opinion Filed November 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01102-CV**

**IN RE ELIZA JASSO GARCIA, Relator**

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-03471**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

In this original proceeding, Relator contends the trial court failed to hear a timely-filed appeal of a ruling by the associate judge on temporary orders.

On May 16, 2023, an associate judge held a hearing under the family code relating to temporary orders and issued a ruling. Relator filed a timely notice of appeal of the associate judge's ruling the same day. See TEX. FAM. CODE ANN. § 201.015(a). Three days later, Real Party in Interest filed a timely counter appeal.

Relator's attorney had advised the court by a properly filed vacation letter that he would be out of the country from May 17, 2023, until June 21, 2023, and requested that no pre-trials, trials, hearings, motions, depositions, or other matters be scheduled during, or three days before or after those dates.

On June 1, the trial court notified the attorney for Real Party in Interest that an appeal conference was scheduled for June 15, 2023, at which both parties were expected to appear. Real Party in Interest informed the court that Relator had a vacation letter on file.

When Relator returned to the country, Real Party in Interest's attorney informed him that she had appeared at the June 15 conference and informed the court that Relator was out of town. The court did not set a hearing for the appeals, but instead instructed the parties to appear on July 24, 2023 for a pretrial hearing.

The parties appeared for the pretrial hearing and requested a hearing for the appeals on the temporary orders. The court refused to set a hearing and set the case for final trial on November 29, 2023.

In an Order on De Novo Appeal dated August 11, 2023, the court stated that [relator's] "Denovo [sic] Appeal had been over ruled [sic] by the operation of law." Relator filed a motion for rehearing and to reconsider and subsequently, an amended motion.

Family code section 201.015 prescribes an appeal to a referring court. See TEX. FAM. CODE ANN. § 201.015. Section 201.015(b) states: "An appeal to the referring court must be in writing specifying the findings and conclusions of the associate judge to which the party objects. The appeal is limited to the specified findings and conclusions." TEX. FAM. CODE ANN § 201.015(b). In addition, family code section 201.015(f) states: "The referring court, after notice to the parties, shall

hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court." TEX. FAM. CODE ANN § 201.015(f).

A party who timely appeals under section 201.015 is entitled to a hearing de novo before the referring court. *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.). Section 201.015 requires the referring court to hold a hearing on the appeal within thirty days. *Id.* The thirty-day provision affords a party the right to compel the referring court to hear the case promptly. *Id*. Once a party has filed a notice of appeal to the referring court, the party has completed the prerequisites necessary to be entitled to a de novo hearing. *Id.*

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court has clearly abused its discretion and (2) there is no adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (per curiam) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). Mandamus review is available where a trial court fails to hold a timely requested de novo hearing. *See In re Johnson*, No. 05-22-00486-CV, 2022 WL 17335691, at*6 (Tex. App.—Dallas Nov. 30, 2022, orig. proceeding) (mem. op.); *In re Jones*, No. 05–07–00879–CV, 2007 WL 2258517, at *1 (Tex. App.—Dallas Aug. 8, 2007, orig. proceeding) (mem. op.); *In re Talley*, No. 07-15-00198-CV, 2015 WL 3856400, at *2 (Tex. App.—Amarillo June 22, 2015, orig. proceeding) (mem. op.).

The referring court's failure to hold a de novo hearing after a request is timely filed is presumed harmful. *Talley*, 2015 WL 3856400, at *2 (citing *Phagan v. Aleman*, 29 S.W.3d 632, 635 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh'g), and *Att'y Gen. of Tex. v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Austin 1999, no pet.)). Mandamus is available because such failure constitutes a clear abuse of discretion and remedy by appeal is inadequate to protect this time-designated right. *Id*. (citing *In re Jones*, 2007 WL 2258517, at *1). Accordingly, we conditionally grant Relator's petition for writ of mandamus. A writ will issue only in the event trial judge fails to hold a hearing in compliance with family code section 201.015.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

231102F.P05