# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00304-CV

---

**In re Ronald Dean Strickland**

---

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## O P I N I O N

Ronald Dean Strickland challenges the county court at law's March 30, 2022 order of remand, which left in place the justice court's order sustaining a contest to Strickland's indigency status and requiring him to file an appeal bond to pursue an appeal of the justice court's order dismissing his suit against iHeartMedia, Inc. For the following reasons, we conclude that the county court violated its ministerial duty to hold a de novo hearing on Strickland's indigency status, and we conditionally grant mandamus relief. *See Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 333 (Tex. 2022) ("[W]rits of mandamus can issue against a public official to compel the official to perform a ministerial act.").

Strickland timely filed an appeal of the justice court's July 23, 2021 order sustaining the contest to his indigency on the same day the order was signed. *See* Tex. R. Civ. P. 506.1(d)(3) (requiring appellant who filed Statement of Inability to Afford Payment of Court Costs in lieu of appellate bond or cash deposit to appeal justice court's order sustaining indigency contest within seven days of written order). Rule 506.1(d)(3) establishes that after the justice court receives

notice of appeal of an indigency-contest order, it "must then forward all related documents to the county court for resolution." *Id.* The Rule further requires as follows:

> ***The county court must set the matter for hearing within 14 days and hear the contest de novo, as if there had been no previous hearing***, and if the appeal is granted, must direct the justice court to transmit to the clerk of the county court the transcript, records, and papers of the case, as provided in these rules.

*Id.* (emphasis added).

The county court's March 30, 2022 "Order of Remand" states that the county court determined that it lacked jurisdiction over the appeal of the indigency-contest order because "[o]n appeal from a Justice Court order on a contested pauper's affidavit, **the matter was not set for hearing within 5 days** as required under Tex. R. Civ. P. 510.9(c)(3)."[1] As an initial matter, the county court did not apply the correct rule to Strickland's appeal from the justice court's order sustaining the indigency contest because Strickland's case is a small-claims case governed by Rules 500-507, not an eviction case governed by Rule 510. *Compare id.* R. 500.3(a) (establishing rules applicable to claims for money damages of $20,000 or less) *with id.* R 500.3(d) (establishing

---

[1] Contrary to the dissent's suggestion that we had "to scour the record in search of a challenged order" and "formulate an argument for him," dissenting slip op. at 7, in his initial filing with this Court, Strickland identified his desire "to alter the trial court's Remand Notice Sustaining the Denial of Defendant's Affidavit of Inability to Pay Cost," and in his brief, Strickland's prayer for relief requests that we remand the case for a new trial. Although he identified the notice date, instead of the order date, the Texas Supreme Court has cautioned appellate courts on numerous occasions that we should reach the merits of a case "whenever reasonably possible" and not dispose of them "based on harmless procedural defects." *E.g.*, *Horton v. Stovall*, 591 S.W.3d 567, 567 (Tex. 2019) (per curiam).

In every case, in addition to construing briefs liberally, as we are required to by the rules of appellate procedure, we review the record and the relevant substantive law when determining whether to grant the requested relief. As discussed in more detail below, the trial court's failures to apply the correct law and to perform its ministerial duty to conduct a de novo hearing are apparent from the face of the remand order, which states in boldface type that the matter was not set for hearing.

rules governing eviction cases). Both Rule 510.9(c)(3) and Rule 506.1(d)(3) set forth the same process for appealing a justice court's indigency-contest order to county court, but the time frame within which "*[t]he county court must set the matter for hearing*" is five days in eviction cases governed by Rule 510.9(c)(3), instead of fourteen days as provided by Rule 506.1(d)(3). *Compare id.* R. 506.1(d)(3), *with id.* R. 510.9(c)(3) (emphasis added).

We construe the wording in both Rule 506.1(d)(3) and Rule 510.9(c)(3) as requiring the county court to set the matter for hearing. When "construing procedural rules, we 'apply[] the same rules of construction that govern the interpretation of statutes.'" *See In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (quoting *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding)). "When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning." *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437.

The duty to set the hearing does not fall on the appealing party. These rules are worded similarly to the statute governing de novo hearings from an associate judge's rulings and recommendations to the referring court. *See generally* Tex. Fam. Code §§ 201.001-.018 (allowing associate judge to hear certain matters and issue report in form of proposed order and providing right to de novo hearing before referring court). Under Texas Family Code Section 201.015, when a party timely requests a de novo hearing by filing a written request with the clerk of the referring court, "[t]he referring court, after notice to the parties, *shall hold a de novo hearing* not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court." *Id.* § 201.015(f) (emphasis added).

When a party timely appeals from the report of an associate judge, the requirement that the referring court "shall hold a de novo hearing" is mandatory. *E.g.*, *Attorney Gen. of Tex.*

3

*v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Austin 1999, no pet.). Courts presume that the failure to hold such a hearing is harmful. *Id.* The purpose of Section 201.015(f) is to require the prompt resolution of appeals from an associate judge's rulings. *In re Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00155-CV, 2023 WL 4534970, at *3 (Tex. App.—Austin July 14, 2023, orig. proceeding) (mem. op.); *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.) (citing *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.); *Ex parte Brown,* 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994, orig. proceeding)). The thirty-day requirement is not jurisdictional; instead, it "affords the parties the right to compel the district court to hear the case promptly." *Harrell*, 986 S.W.2d at 631; *see also State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992) (per curiam) (holding that consequence of trial court's failure to expeditiously consider forfeiture case under statute requiring that "a time for hearing on forfeiture shall be set within 30 days" of claimant's answer was not dismissal of case; instead, claimant was entitled to hearing within 30 days and prompt trial setting and mandamus relief had trial court refused to provide either); *cf. AC Ints., L.P. v. Texas Comm'n on Env't Quality*, 543 S.W.3d 703, 714 (Tex. 2018) ("Failure to comply with a directory provision has consequences, but they are not always fatal."). "The requirement is a deadline for the trial court, not the parties." *Fountain*, 45 S.W.3d at 739. When a party has filed a notice of appeal, it has completed the prerequisites necessary to be entitled to a de novo hearing. *Id.*

We conclude that these same principles apply to Rule 506.1(d)(3)'s requirement that when a party appeals from a justice court's indigency-contest order, "[t]he county court ***must*** set the matter for hearing within 14 days and hear the contest de novo, as if there had been no previous hearing." Tex. R. Civ. P. 506.1(d)(3) (emphasis added). The requirement that the county court set the matter for hearing within 14 days is mandatory. *See Helena Chem. Co. v. Wilkins*,

4

47 S.W.3d 486, 493 (Tex. 2001) (explaining that terms "must" and "shall" "are generally recognized as mandatory, creating a duty or obligation"); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (citing *State v. City of Greenville*, 726 S.W.2d 162, 169 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("A statutory provision is generally regarded as mandatory where the power or duty to which it relates is for the public benefit, good, interest or protection, for the security of public rights, or *for the advancement of public justice*." (emphasis added))). The 14-day requirement is not jurisdictional; instead, it affords the parties the right to compel the county court to hear the case promptly. *See, e.g.*, *Harrell*, 986 S.W.2d at 631; *see also $435,000.00*, 842 S.W.2d at 644 ("If the Legislature had intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed period, it could easily have said so, as it did for example in formerly prescribing a limitations period for forfeiture actions . . . ."). As the Texas Supreme Court held in *$435,000*, "if a trial court refuses [to hear the case promptly], the statute [here, the rule] provides a basis for relief by mandamus." 842 S.W.2d at 644. In other words, the county court has a ministerial duty to conduct a de novo hearing on a justice court's indigency order, and it has no discretion to refuse to do so.[2] *See Schroeder*, 646 S.W.3d at 333 ("An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." (quoting *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)). Thus, when Strickland filed his notice of appeal of the indigency contest in county court, he completed the prerequisites necessary to be entitled to a de novo hearing.

---

[2] Contrary to the dissent's characterization of our holding, we do not conclude "that the county court's dismissal of Strickland's indigency appeal for want of jurisdiction was a clear abuse of the county court's discretion." Dissenting slip op. at 2-3. We hold that the county court failed to comply with its ministerial duty to conduct a hearing. It had no discretion to refuse to do so.

5

In this Court, Strickland filed his challenge to the county court's order remanding his case without conducting a de novo hearing under Rule 145(g)(1), which applies only to indigency contests that arise based on Statements of Inability to Afford Payment of Court Costs filed in the county or district court for suits originating in those courts and thus allows appeals to this Court only from those orders.[3] *Compare* Tex. R. Civ. P. 145(g)(1) (Part II. Rules of Practice in District and County Courts) (allowing declarant to challenge "an order issued by the trial court *under this rule*. . . . by motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case" (emphasis added)), *with id.* R. 500.3(e) (Part V. Rules of Practice in Justice Courts) (governing application of other rules in justice-court cases and establishing that "[t]he other Rules of Civil Procedure and the Rules of Evidence do not apply except: (1) when the judge hearing the case determines that a particular rule must be followed to ensure that the proceedings are fair to all parties; or (2) when otherwise specifically provided by law or these rules"). Rule 500.3(e), when read together with Rules 506.1(d)(3), 506.1(d)(4), and 145(g)(1),

---

[3] Strickland's case differs from the cases cited by the dissent in which courts of appeals determined that they lacked jurisdiction over appeals from county courts' orders on indigency contests because no statute authorizes an interlocutory appeal to courts of appeals from those indigency-contest orders. Dissenting slip op. at 2. In those cases, unlike this case, the county courts had not dismissed appellants' appeals from the justice courts' indigency orders for want of jurisdiction. Instead, the county courts concluded that the appellants were not indigent. *See McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 WL 147649, at *1 (Tex. App.—Austin Feb. 10, 2000, no pet.) (mem. op.) (county court conducted two hearings before determining appellant was not indigent); *El-Bey v. Estate of Williams*, No. 01-23-00070-CV, 2023 WL 4239852, at *1 (Tex. App.—Houston [1st Dist.] June 29, 2023, pet. denied) (mem. op.) (per curiam) ("Here, the county court's order denies appellant's appeal of the justice court's order sustaining the contest of his statement of inability to pay."); *Redlich v. Ranch*, No. 02-14-00390-CV, 2015 WL 226038, at *1 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (mem. op.) (per curiam) (county court sustained contest to affidavit of inability to pay). Here, the county court failed to comply with its ministerial duty to conduct the required de novo hearing to determine whether Strickland is indigent.

6

does not allow an appeal of an indigency contest originating in justice court to this Court.[4]

Although we typically construe an appeal as a mandamus petition only when the party specifically requests such treatment in the alternative, because we consider Strickland's challenge to the order denying him indigency status and his request for a new trial to implicate issues of due process and access to justice, *see, e.g.*, Tex. Const. art. I, § 13, we conclude that Strickland filed his challenge here in a bona fide attempt to invoke this Court's jurisdiction.[5] *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) ("We have stressed that 'courts should acknowledge the substance of the relief sought despite the formal styling of the pleading.'" (quoting *Ryland Enters., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011))); *see also* Tex. R. App. P. 2 (allowing appellate court on its own motion to "suspend a rule's operation in a particular case and order a different procedure"); *cf., e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 453-54 (Tex. 2011) (reversing court of appeals judgment dismissing interlocutory appeal for lack of jurisdiction and remanding to court of appeals to consider appeal as petition for writ of mandamus when party had expressly requested in alternative mandamus treatment of its appeal).

---

[4] Although Rule 145(f)(4) provides that when a county court or district court sustains an indigency contest originating in those courts and requires a litigant to pay costs, the court must state in conspicuous type in its order: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. *See* Texas Rule of Civil Procedure 145," the Rules of Civil Procedure do not require the justice court's order sustaining a contest to contain similar language informing litigants of the right to appeal to county court and referring litigants to Rule 506.1(d)(3) (or Rule 510.9(c)(3) for evictions).

[5] The dissent mischaracterizes the Court's holding as agreeing that Strickland has not invoked this Court's jurisdiction. *See* dissenting slip op. at 2. To the contrary, we conclude that Strickland's challenge to the county court's order invokes our mandamus jurisdiction. *See* Tex. Gov't Code § 22.221(b). Accordingly, we have restyled the case name to *In re Ronald Dean Strickland*.

The dissent asserts that the Court's construction of Strickland's appeal as a petition for writ of mandamus results in giving him an unfair advantage over litigants represented by counsel. Dissenting slip op. at 8. The implication that we are treating Strickland differently than other litigants because of his pro se status is inaccurate. In this particular circumstance, where the trial court's failure to perform its ministerial duty is apparent from the face of the challenged order, no "independent review of the record to identify error" was necessary, *see id.*, and we would employ this same procedure even if Strickland had been represented by counsel. As explained above, we acknowledge that our typical practice is to construe an appeal as a mandamus petition only when the party specifically requests such treatment in the alternative, but we explain that we are deviating from that practice here only because we consider Strickland's challenge to the order denying him indigency status to implicate issues of due process and access to justice. *See Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996) (orig. proceeding) ("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in."). Our decision to construe the appeal as a request for mandamus relief has nothing to do with Strickland's pro se status and everything to do with the county court's failure to comply with its ministerial duty to set Strickland's appeal of his indigency status for a hearing and the ramifications of that failure for access to justice.[6]

---

[6] One of the dissent's criticisms of our decision to construe this appeal as a mandamus proceeding is that the lack of a reporter's record is problematic. Dissenting slip op. at 5. However, no reporter's record exists because the county court failed to comply with its ministerial duty to conduct a de novo hearing. Moreover, the issue we address here is a purely legal issue requiring us to construe the rules related to indigency contests and determine whether the county court violated its ministerial duty under those rules to conduct a de novo hearing when Strickland timely filed an appeal from the justice court's indigency-contest order.

We further note that this Court recently followed a similar procedure in an opinion authored by the dissenting justice, *In re Texas Department of Family and Protective Services*, 2023 WL 4534970, construing the Department's appeal as a request for mandamus relief—without any request from the Department to do so, even after a letter from the Court questioning our jurisdiction over the appeal, and over the appellee father's request that we dismiss the Department's appeal because it had not sought mandamus relief. In that case, unlike this one, the Court provided no rationale for its decision to treat the appeal as a mandamus proceeding. *See id.* at *2. The judicial-efficiency rationale that the dissent now presents for that decision applies with equal force here—it would be judicially inefficient to dismiss Strickland's appeal for want of jurisdiction when he is entitled to mandamus relief from the county court's failure to conduct a de novo hearing merely because he failed to expressly request that form of relief in the alternative when he challenged the order and requested that we remand for a hearing. However, we stress that our decision in this case to grant mandamus relief in the absence of an express request rests primarily on our due-process and access-to-justice concerns, and it is limited to this particular set of facts.

For the reasons stated above, under the special circumstances present here, we treat Strickland's challenge to the county court's order procedurally and substantively as a petition for writ of mandamus and conclude that he lacks an adequate appellate remedy for the county court's failure to set a de novo hearing on his challenge to the justice court's order sustaining the contest to his indigency, as required by Rule 506.1(d)(3). *See* Tex. R. Civ. P. 145(g)(1), 500.3(e), 506.1(d)(3)-(4). We recognize that "[m]andamus relief is an 'extraordinary remedy,'" and we issue it here "only to correct . . . the violation of a duty imposed by law when there is no other adequate remedy by law." *See In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (quoting

9

*In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding), and *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). We further conclude that the county court violated its ministerial duty to set the matter for hearing and conduct a de novo hearing. *See id.* R. 506.1(d)(3); *see also Ex parte Brown*, 875 S.W.2d at 760 (concluding that referring court's refusal to promptly conduct de novo hearing provides basis for mandamus relief).

Therefore, we conditionally grant mandamus relief and direct the county court to vacate its March 30, 2022 order remanding the case to the justice court and to conduct a de novo hearing on the contest to Strickland's Statement of Inability to Afford Payment of Court Costs. We are confident that the trial court will comply, and our writ will issue only if it does not.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith
  Dissenting Opinion by Justice Smith

Filed: August 16, 2024